ELY *vs.* ORMSBY.

</div>

A parol contract to sell a span of horses for the price of fifty dollars or more, is void by the statute of frauds, unless there is delivery or payment.

Words alone will not answer the requirements of the statute. Acts must be done, and that alone will secure the benefit and prevent the mischief intended by the statute

What amounts to a delivery and acceptance of the property.

An agreement to indorse the price of the property upon a personal mortgage held by the purchaser, against the vendor, without any indorsement being in fact made, does not constitute a payment.

THIS was an action to recover the value of a span of horses, attached by Ormsby as a ´constable, by virtue of attachments against Hiram Salisbury. The cause was tried at the October circuit of Onondaga county, 1850. Salisbury testified that on the 10th of May, 1850, the plaintiff had a personal mortgage

against him of $500 for borrowed money, by which the horses were mortgaged ; that the plaintiff wanted the money, and he, the witness, was going to sell the horses to raise it.    The plaintiff bought the horses at the sum of $300, which amount was applied on the mortgage, though not indorsed, the mortgage being on file.    The plaintiff had no stable room, and Salisbury kept the horses for the plaintiff a few days, when the plaintiff sent the witness to Syracuse to sell the horses.    The horses were then attached, by attachments against the witness, by the defendant, who was a constable.    The plaintiff brought his suit to recover their value.    The judge, at the trial, submitted the *bona fides* of the sale, to the jury, and they found for the plaintiff.    The defendant's counsel asked the judge to charge that the contract was void by the statute of frauds, and the judge refusing, the defendant excepted and made a bill of exceptions.

*N. F. Graves*, for the plaintiff.

·  *Le Roy Morgan*, for the defendant.

*By the Court*, Pratt, J.    The only question in this case is, whether the title to the horses passed to the plaintiff by what took place between him and Salisbury.    The price of the horses, according to Salisbury's testimony, was to be $300.    No note or memorandum of the pretended sale was made at the time. Was the purchase money or any part of it paid, or was there any acceptance of the property by the purchaser within the requirements of the statute ?    I have not been able to find any evidence in the case that either of the acts made necessary by the statute to render a sale of property exceeding the value of fifty dollars, complete, was performed by the parties.    In the first place, the price was to be indorsed upon the mortgage, but there is no pretense that any such indorsement was in fact made.

The cases of *Artcher* v. *Zeh*, (5 *Hill*, 200,) and *Shindler* v. *Houston*, (1 *Comst.* 261,) are conclusive on this point.    It was held in those cases that words alone would not answer the requirements of the statute ; that it required acts to be done,

Ely *v.* Ormsby.

and such a construction is the only one which can, under all circumstances, secure the benefits intended to be secured, and prevent the mischiefs intended to be prevented by that statute. In the second place, there was no such delivery by the vendor and acceptance by the purchaser as the statute requires. There was no delivery at the time of the pretended sale. I do not understand that Salisbury took the horses to Syracuse as agent for the plaintiff, or that by the consent that he might sell them it was intended that he should sell them as his agent. But the horses were in Salisbury's possession apparently as owner, and the plaintiff permitted him to keep such possession and sell them, not in his name as agent, but in his own name as owner, accounting to him for the price ; but if he intended that he should hold them as agent, I do not think it would alter the case. The statute in regard to acceptance, when the party depends upon that to render the sale valid, requires that acts unequivocal should furnish the evidence of such acceptance, and not words alone. The acceptance must be clear and unequivocal. The court will not allow a constructive acceptance to be sufficient. (3 *B. & Ald.* 680. 5 *Id.* 855.) The evidence in this case fails to show even an intent on the part of the purchaser that the vendor should retain possession of the property as the agent of the former. There was, therefore, clearly no acceptance by the purchaser, within the meaning of the statute. It was suggested upon the argument that the defendant could not set up the statute, and a case was cited to that effect, (1 *Fair.* 374 ;) but the question here is, in whom was the title to the horses vested at the time of the levy. The statute requires, in order to complete the sale and vest the title in the purchaser, that certain acts should be done—certain solemnities should be observed. Until these requisites of the statute are fulfilled, no title of any kind passes as between the purchaser and creditors of the vendors. At the same time no title passes as between the parties to the contract : that would open wide the doors for frauds and be a very convenient method of enabling a party to put his creditors at defiance. But the case of *Artcher* v. *Zeh,* above cited, is conclusive also upon this point. That was not a suit between the

parties to the contract, and yet the defendant set up the statute and succeeded.

The learned judge therefore erred in not charging the jury as requested; and the judgment must be reversed and a new trial ordered, costs to abide the event.

[ONONDAGA GENERAL TERM, November 3, 1851. *Pratt, Gridley, Allen* and *Hubbard,* Justices.]