## COUNTY COURT.

STEPHEN IRELAND, respondent agt. JEFFERSON JOHNSON, appellant.

The giving of the *promissory note* of the purchaser of personal property for over $50, to the vendor for the purchase price thereof, is not a *payment* within the statute of frauds, so as to pass the title to the property to the purchaser.

*Chenango County Court, January*, 1865.

THIS was an action of trover, originally brought in a justice's court, in which court the plaintiff recovered a judgment, from which judgment the defendant appealed to the Chenango county court, and the cause was tried in the county court in December, 1863, before Hon. DWIGHT H. CLARK, County Judge, and a jury. The jury, under the charge of the judge, rendered a verdict in favor of the plaintiff and respondent, for $100. On the trial in the county court, the following facts appeared: About the last of August or first of September, 1863, the plaintiff called upon the defendant for the purpose of examining a threshing machine, with the view of purchasing it. After some negotiation in regard to the machine, the defendant agreed to sell the plaintiff the machine for $90, and to take the plaintiff's note for that amount, payable the first day of April, thereafter, with interest. Not having any stamps to put on the note, it was agreed by the parties that the plaintiff was to go to the store of one Davis, in the same town, on his way home, and execute the note, and leave it there, and the defendant was to call and get it, and the plaintiff was to call at the defendant's and get the machine at a future day. The plaintiff executed the note, and left it at the store of Davis, as he had agreed. A few days afterwards he sent one Richards, his son-in-law, for the machine, to the defendant, who refused to deliver the machine to the plaintiff on the ground that he did not con-

Ireland agt. Johnson.

sider the note good.    The defendant had not taken the note from Davis' store.

At the close of the plaintiff's evidence, and also at the close of the evidence in the case, the defendant asked the court to nonsuit the plaintiff, on the ground that the agreement to sell the machine to plaintiff was void by the statute of frauds, there being no delivery of the property, no payment made, and no memorandum in writing made of the contract and signed by the parties, the property being worth over $50.   The court refused to nonsuit the plaintiff, and the defendant excepted.   The counsel for the defendant also asked the court to charge the jury that the plaintiff could not recover, for the same reason.   The court refused so to charge the jury, and defendant's counsel excepted.

The court charged the jury, among other things, that if they believed the facts as alleged by the plaintiff, that the plaintiff upon executing and leaving his promissory note of $90, payable the first day of April, with Davis, and Davis receiving the same, was in the same position as if he had left the note with defendant and defendant had received the same.   That such delivery to and acceptance by defendant, in the absence of fraud or misrepresentation, would have constituted a payment, so that the title to the property would have passed to the plaintiff, and an action would lie by him for the non-delivery thereof.   The defendant's counsel excepted to that part of the charge which stated that the delivery of the note to Davis was a payment for the machine, and made the agreement valid, and the machine the property of the plaintiff, and he could recover the value thereof of the defendant.

The defendant now moves for a new trial on a bill of exceptions.

SAYRE & WINSOR, *for defendant and appellant.*
J. W. GLOVER, *for plaintiff and respondent.*

Ireland agt. Johnson.

By the court, H. G. PRINDLE, County Judge. The main question in this case is whether the giving of the promissory note by the plaintiff, for the purchase price of the machine, was a payment of the purchase money, and took the case out of the operation of the statute of frauds. The statute requires some part of the purchase money to be actually paid. Can the giving of one's own promissory note on the purchase of property, in any sense be considered a payment? Is it anything more than a promise to pay? It seems to be well settled in this state that the giving of a promissory note by the debtor on the purchase of property, is not a payment of the debt, and I am unable to see how in connection with the statute of frauds it can have the effect of an actual payment of the purchase money, when it is not regarded as payment in any other case. In *Van Steenburgh* agt. *Hoffman* (15 *Barb.* 31), the court held that the giving of a promissory negotiable note is not *prima facie* payment of a pre-existing debt. In *Waydell* agt. *Secor* (3 *Denio*, 416), Senator LOTT, who delivered the prevailing opinion in that case, said : " I concede that the note of a debtor himself will not discharge a precedent debt, though it may suspend the remedy. Yet I consider it to be equally well settled that the acceptance by a creditor of the note of a third person for an existing indebtedness, operates as an extinguishment of the original consideration, when agreed to be accepted in full satisfaction." It seems to be well established that there is a distinction between the giving of one's own note and the note of a third person. In the one case it is the mere promise of the purchaser to pay, and in the other it is the actual transfer of a debt or claim against a third person, which if agreed to be taken as payment, actually extinguishes the debt and discharges the liability of the purchaser, while in the other no new liability is created by the giving of one's own note, and no liability is extinguished or in the least changed, the debt remaining unpaid,

and the creditor simply has the promise of the debtor in writing to pay the amount agreed upon at the time fixed. It would simply change the nature of proof when the creditor attempted to enforce collection; in the one case he would prove the signature to the note, and in the other the contract between the parties.

A parol contract to sell personal property or choses in action for the price of $50 or more, is void, even where there is an agreement to indorse the price of the property or claim on a note or other obligation held by the purchaser against the vendor, or an agreement by the purchaser to give the vendor credit on an account held by him against the vendor, unless the indorsement has been actually made or the credit given on the account. (*Ely* agt. *Ormsby*, 12 *Barb.* 570; *Artcher* agt. *Zeh*, 5 *Hill*, 200.)

In these cases the argument is as forcible to maintain that they are not within the statute, as in the case of giving of the note by the debtor for the property purchased. In these cases there is a promise to make indorsement and give the credit, but until the indorsement is actually made or the credit given, there is nothing in the least to change the rights or liabilities of the parties; in each case it is a mere naked promise to pay or do what would amount to payment if done, neither of which, in my judgment, can have the effect of an actual payment of a part of the purchase money under the statute, and if I am correct in the view I have taken of the law, the plaintiff in this case should have been nonsuited. The defendant could not have enforced payment of the note given for the machine without a delivery of the property, as the whole bargain was void by the statute of frauds, and there was no consideration for the note.

The authorities relied upon by the plaintiff's attorney were *Chitty on Contracts* (8*th ed.* 348), where Chitty says: "The delivery of a bill of exchange or promissory note on account, or in payment of the price of goods sold under a

parol contract, will take the case out of the statute, such instrument amounting to payment till dishonored.;" and 10th *Petersdorf's Abridgment*, 129, *note*, saying : " The delivering of a bill of exchange or promissory note in part payment, would take the case out of the statute." In the case of *Combs* agt. *Bateman* (10 *Barb.* 574), the learned justice who delivered the opinion of the court commented on these cases, and said : " This doubtless refers to a bill of exchange or promissory note of a third person, and not of the purchaser. The delivering of the note of the purchaser can in no sense be said to be a payment. It may suspend the right of action of the seller for the purchase money until the maturing of the note, but the absolute liability of the purchaser remains. Not so, however, in all cases of the delivery of the obligation of a third person. That, when agreed to be taken in satisfaction, is an absolute payment, and in all cases the purchaser's liability is contingent." I regard this decision as authority in this case, and that it correctly settles the principle involved. I entertain great respect for the opinion of his Honor Judge CLARK, before whom this cause was tried, but his decision on the motion to nonsuit was made necessarily without a full examination of the authorities bearing upon the question. After a careful examination of the question I am of the opinion that the contract was within the statute of frauds, and that the giving of the note was not a payment of the purchase money, and that the learned judge who tried the cause erred in refusing to nonsuit the plaintiff.

The motion for a new trial is therefore granted, with costs to abide the event.