TEED *vs.* TEED.

The defendant, by an oral agreement, promised to deliver to the plaintiff a quantity of butter, of the value of over $100. The defendant being, at the time, indebted to the plaintiff in the sum of $6.50, for a barrel of flour, charged to him in account, it was a part of the contract that that sum should apply as a partial payment towards the butter. The plaintiff made an entry of the sale, in a memorandum book; the entry also stating that the defendant accepted the barrel of flour on the butter. But no entry was made on the plaintiff's account book, to show that the flour was paid for by the butter, or otherwise. *Held*, not a sufficient part payment to take the case out of the statute of frauds.

THE plaintiff recovered a judgment, before a justice of the peace, for $51.25 damages and costs, for the refusal of the defendant to deliver a quantity of butter to him, of the value of over $100, pursuant to an oral contract for the purchase of the same by the plaintiff, of the defendant; the butter being worth more at the time when the defendant was to deliver it to the plaintiff than it was at the time the contract was made. The Delaware county court reversed the judgment, and gave judgment in favor of the defendant for costs. The plaintiff appealed from the judgment of the county court to this court.

*Alex. Cummings*, for the plaintiff.

*Reuben H. Root*, for the defendant.

*By the Court*, BALCOM, J. The question in this case is, whether the plaintiff, at the time the contract for the butter in question was made, paid some part of the purchase money so that the contract was valid. (*See* 2 *R. S.* 136, § 3, *sub.* 3.)

At that time the defendant was indebted to the plaintiff in the sum of $6.50 for a barrel of flour the latter had sold and delivered to the former; which flour the plaintiff had charged upon his account book to the defendant. The plaintiff's account book was at his store in the town of Tompkins, and

Teed *v.* Teed.

the parties were at the defendant's house in Franklin, or Sidney, when the contract for the butter was completed. The plaintiff then had a memorandum book with him on which he made the following entry: "Wm. Teed daries 7 firkins, 18c. Dr. accepts bbl. flour on butter, $6.50." The entry as to the acceptance of the flour was not made at the defendant's house, but it was made the same day the contract was consummated.

It must be conceded that the decision of the justice establishes the fact that it was a part of the contract that the price of the flour was to apply as a partial payment towards the butter. But the plaintiff did not make any entry on his account book to show that the flour was paid for by the butter or otherwise ; and I am of the opinion that the entry respecting the flour, by the plaintiff, on his memorandum book, was insufficient to make it operate as a payment towards the butter, within the statute. It should have been made on his account book, to have canceled the charge for the flour. (*See Brabin* v. *Hyde*, 30*Barb.* 265, *and cases there cited.*) The entry on the memorandum book was of no more validity than an entry on any loose piece of paper would have been that the plaintiff had with him.

There were other charges for goods besides the flour on the plaintiff's account book, against the defendant, and it is possible such book could have been made evidence against the defendant, in an action against him by the plaintiff. Hence, credit for the butter, or some credit to show the flour was paid for, should have been entered on the plaintiff's account book.

For these reasons, I am of the opinion the judgment of the county court should be affirmed with costs.

Decision accordingly.

[BROOME GENERAL TERM, May 10, 1865. *Parker*, *Mason* and *Balcom*, Justices.]