## JOHN W. MATTICE, Respondent v. WILLIAM G. ALLEN and Others, Appellants.

*Statute of Frauds—Compliance—Part payment.*

A parol contract is not taken out of the Statute by an agreement to apply an existing debt between the parties, as payment of the property contracted for. There must be some distinct act of the parties, in affirmance of the contract, at the time the agreement is entered into.

This action was brought to recover damages of the Defendants for the breach of an alleged agreement made by them with the Plaintiff, to purchase of him a quantity of barley for a sum exceeding fifty dollars. The only question involved is whether the contract was valid, or whether it was void by the Statute of Frauds. The only ground upon which it is claimed there was a compliance with the statute is, that a part of the purchase-money was paid upon the making of the contract. The facts upon which this claim is based are, that before the making of the contract, the Plaintiff borrowed of the Defendants' agent forty dollars of the money of the agent, and agreed that, if he thereafter sold his barley to him, the money so borrowed should apply upon the purchase price, and if he did not sell he would repay the money. Several days afterward the agreement to sell the barley was made by the Plaintiff with this agent, and they at the same time agreed, verbally, that the forty dollars so borrowed should be applied as payment upon the price.

The Defendants' counsel, upon trial before the referee, moved for a nonsuit upon the ground, among others, that the contract was void by the Statute of Frauds, no part of the purchase-money having been paid at the time of making the contract. The motion was denied by the referee, who afterward made a report in favor of the Plaintiff, which was affirmed, upon appeal, by the Supreme Court sitting in the Seventh District, from which judgment the Defendant appealed to this Court.

*A. P. Ferris* for Respondent.

*D. Rumsey* for Appellants.

Grover, J.—The precise question presented by the Defendants' motion for a new trial was decided against the Plaintiff by this Court, in Brabin *v.* Hyde (32 N. Y. 519). In that case the purchaser had a debt of upwards of two hundred dollars against the seller, and made a verbal contract to purchase from him a mare and colt, for one hundred and seventy-five dollars, and to apply the purchase-money in payment of the debt. This Court held that the agreement so to apply the purchase price was not a payment at the time of making the contract, within the last clause of § 3, 2 R. S. 136. In the present case, the Defendants' agent, who made the agreement to purchase of the Plaintiff his barley, had a debt against him of forty dollars, and agreed at the time that this debt should apply as payment upon the barley. It is manifest that the circumstance of the debt being due the agent, instead of the Defendants, can make no difference, at least favorable to the Plaintiff. The referee should therefore have held that the contract was void by the Statute of Frauds, and on this ground granted the motion for a nonsuit.

There was no proof given subsequent to the denial of the motion tending in any respect to show the contract valid, and, therefore, the Defendants' exception to the erroneous ruling was not obviated. The reason of the rule held in Brabin *v.* Hyde is, that mere words will not satisfy the requirement of the statute. That, in addition, some act of the parties is required, showing by such act their assent to the contract. The delivery of the note of a third person, or anything else agreed to be received in payment, in whole or in part, is such act as is required. When a debt due the purchaser from the seller is to apply as payment, the delivery by the former to the latter of the evidence of the debt for cancellation, or the delivery and acceptance of a discharge of the debt, will constitute such act, and render the contract valid.

The counsel for the Respondent insists that the agreement of the parties to apply the debt in payment discharges the debt, and therefore it must be regarded as a payment upon the contract, and cites Davis *v.* Spencer (24 N. Y. 386) in support of the

position.    It is true that where mutual debts exist, an agreement by the parties to apply the same in satisfaction of each other will operate as satisfaction of both, as held in Davis *v.* Spencer.    But that doctrine has no application to the present case, for the reason that the statute makes void the entire agreement, when there was nothing but mere words.

·   That is clearly the present case.    The judgment appealed from must be reversed, and a new trial ordered, costs to abide event.

.   Judgment accordingly.

JOEL TIFFANY,
State Reporter.
