JACOB WALRATH, Appellant, *v.* HUGH RICHIE, Respondent

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

**A.** being the owner of a mowing machine, and being indebted to B. in the sum of fifty-five dollars, proposed to B., verbally, the machine not being present, that he should take it in satisfaction of his indebtedness, to which B. assented. The machine remained in the hands of A. for some time afterward, and was then, without B.'s request, delivered into possession of C., from whom it was taken under execution against A.—*Held*, in an action brought by B. to recover the value of the machine against the constable who had seized it under the execution, that such action could not be sustained, as there was not a valid sale from A. to B., under the statute of frauds.

APPEAL by the plaintiff from a judgment of the Herkimer County Court, rendered on appeal from the judgment of the Justice's Court. The facts are stated in the opinion.

*S. H. De Camp*, for the appellants.

*Hardin & Burrows*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court, JOHNSON, J. This is an appeal from the judgment of the County Court of Herkimer county, reversing the judgment of a Justices' Court.

The action was for the wrongful taking and selling by the defendant of a mowing machine claimed by the plaintiff. The defendant was a constable, and took and sold the machine by virtue of an execution issued on a judgment against Isaac Walrath, a brother of the plaintiff.

The machine had been the property of Isaac, and the plaintiff, Jacob, claimed it by virtue of a purchase from Isaac. The question is, whether the bargain, as proved, gave the plaintiff the title to the machine under the statute of frauds. The facts, as established by the evidence, are as follows: Isaac was indebted to Jacob in the sum of sixty-five dollars for borrowed money, and, some time before the bargain in question, had paid ten dollars, leaving fifty-five dollars due. On the ninth of December, before the taking complained of, the plaintiff and Isaac were riding together on the highway, and Isaac proposed to the plaintiff to sell him the mowing machine for the balance of the money remaining unpaid. To this the plaintiff assented, and it was agreed between them that the plaintiff should have the machine in satisfaction of the remaining indebtedness. The machine was not present at the time, but was then on the farm Isaac was occupying and working. Nothing was done between the parties except the making of the verbal bargain. The machine remained on the farm where Isaac lived until spring, when he removed from that farm to another place, and took or sent the machine to one Burt's, where it remained until it was taken upon the execution, some time in the month of May. During the time the machine was at Burt's, Isaac saw the plaintiff and requested him to take the machine from that place, but the plaintiff wanted Isaac to take the machine to another place, Mr. Storring's, and he would take it from there. Nothing more was said, and nothing was agreed upon at this interview in reference to the place at which the plaintiff should take the machine. The plaintiff did not see the machine at the time

the bargain was made, and had not seen it, after that, until the day of the sale by the defendant. It appears that some time in the summer, previous to the bargain, the plaintiff was present when Isaac was using the machine in his haying, and that Isaac then offered to let him have the machine on the same terms agreed upon by the bargain, but the plaintiff then declined to take it. This is all the evidence bearing upon the case. The plaintiff recovered before the justice.

On this state of facts the plaintiff was not entitled to recover, and the judgment was properly reversed by the County Court. At the time of the purchase, no act was done between the parties. Nothing passed between them but words, and this was not sufficient to satisfy the requirements of the statute. This was expressly held in *Brabin* v. *Hyde* (32 N. Y., 519). The sale in that case, as in this, was a present sale by a verbal agreement, to apply upon a debt. The property was present, but was not delivered, and no act was done at the time ; and the court say, "If the purchase-money is to be applied to pay an open account, in whole or in part, the creditor and purchaser should part with some written evidence of such application, which shall bind him, and put it in the power of his debtor and vendor to enforce the contract. Without this, or something like this, the contract is a mere collection of words, and the statute is evaded." That was a much stronger case for the plaintiff than this; for, in that case, not only was the property examined at the time, but the plaintiff requested the seller to keep the property for him, and, in a few hours after the bargain, made an entry in his books of account, giving the seller credit for the purchase price. This entry of credit was, however, not made in the regular order of accounts kept by the buyer in his books, but upon a blank leaf in his account book. And this was held to be no evidence of payment of the purchase price, within the statute.

In the case at bar, nothing was done whatever between the parties to show any application of the price of the machine to the payment of the indebtedness. Everything remained as it was before, except the verbal bargain. This will not do.

(*Artcher* v. *Zeh*, 5 Hill, 200; *Mattice* v. *Allen*, 3 Keyes, 492.)

The judgment of the County Court should be affirmed.

Judgment affirmed.