. KROHN *v.* BANTZ.

STATUTE OF FRAUDS — *Contract.*—*Pleading.*—*Case Overruled.*—A complaint on a parol contract within section 7 of the statute of frauds, 1 R. S. 1876, p. 504, which does not show that the purchaser has received part of the property, or given something in earnest to bind the bargain, or in part payment, does not state facts sufficient to constitute a cause of action, and a demurrer thereto for want of sufficient facts ought to be sustained. *Harper* v. *Miller,* 27 Ind. 277, is overruled on this point.

SAME.—*Promissory Note.*—A promissory note not governed by the law merchant, executed to defendant, by plaintiff who seeks to recover damages against the defendant for the breach of a parol contract to deliver to such plaintiff goods of more than fifty dollars value, in consideration of such contract, is not sufficient to take such contract out of section 7 of the statute of frauds.

From the Delaware Circuit Court.

*W. March* and *W. Brotherton,* for appellant.

*J. N. Templer* and *R. S. Gregory,* for appellee.

WORDEN, J.—Complaint by Bantz against Krohn as follows :

"Noah Bantz complains of John Krohn, defendant, and says, that heretofore, on the 15th day of July, 1874, he contracted with and bought of defendant two hundred and fifty head of hogs, said hogs to average three hundred pounds gross, and none to weigh less than two hundred and fifty pounds, to be delivered at the town of Albany, in Delaware county, Indiana, from the 1st to the 15th of December, 1874, at and for the price of four and $\frac{75}{100}$ dollars for each one hundred pounds of the gross weight of said hogs as aforesaid ; and further, that there were not to be among said hogs any stag hogs or sows with pig; and as an earnest to bind said contract, and as part of the purchase-money of and for said hogs under said contract, plaintiff at the time and place of making said contract, executed and delivered his promissory note for one hundred dollars to defendant, due in thirty days from the day of date thereof, and drawing ten per cent. interest from date, and defendant accepted and received said note aforesaid as earnest upon said contract.

"Plaintiff says that he was at the town of Albany aforesaid during the whole of each day from and including the 1st day of December up to and including the 15th day of December, 1874, ready and willing to receive said hogs, and so notified the defendant, and demanded said hogs of defendant.

"Plaintiff avers that defendant wholly failed and refused, and still does fail and refuse, to deliver said hogs to plaintiff, as under said contract he was in duty bound to do. Plaintiff says, by reason of defendant's failure and refusal to deliver said hogs as aforesaid, he has been damaged three thousand dollars, which amount, and every part thereof, is due and wholly unpaid. Wherefore," etc.

A demurrer to the complaint for want of sufficient facts was filed and overruled. Exception.

Such further proceedings were had in the cause as that final judgment was rendered for the plaintiff.

Error is assigned upon the ruling on the demurrer.

The contract declared upon, not being in writing, is, unless it comes within some of the exceptions, made void by the 7th section of our statute of frauds, which provides that " No contract for the sale of any goods, for the price of fifty dollars or more, shall be valid, unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." 1 R. S. 1876, p. 504.

The contract can not be taken to have been a written one, because, had it been, a copy or the original thereof would have to be set out as part of the complaint. It must be taken, therefore, to have been made by parol merely. And it is insisted that, as the contract is to be deemed a parol one, the allegations in respect to the giving and receiving of the promissory note do not show it to have been taken out of the statute, and, therefore, that the complaint was bad on its face.

We are met at the threshold of our examination with the question, whether a complaint upon a parol contract within the statute set out, not showing a receipt by the purchaser of part of the goods, or that something was given in earnest to bind the bargain, or in part payment, is good or otherwise. For, if such complaint is good, we need not enquire whether the giving of the note as alleged took the case out of the statute, because, on that theory, the complaint would be good, so far as the statute is concerned, without the allegations in respect to the note.

We understand it to have been well settled before the adoption of our code of practice, that a declaration would

have been good which set out a contract within the statute of frauds, without alleging it to have been in writing, just as if the statute had never been passed. It was said that the statute operated as a rule of evidence and not as a rule of pleading, and, therefore, that the contract might be stated generally, and the declaration supported by evidence that the contract stated was in writing. This was entirely consistent with the general rule of law that must obtain under all systems of practice that require the plaintiff to state his cause of action at all, that a party suing must state facts enough to give him a right of action, and that he is not required to prove more than he is required to allege. Where the plaintiff stated his contract generally, and was required to prove a contract in writing, he was not required to prove more than he had alleged. He was required to prove his contract as alleged by the kind of evidence required by the statute.

Under a declaration counting upon a contract within the statute, not alleging the contract to have been in writing, nor other matter as part payment, etc., whereby the contract might be taken out of the statute, it would seem that the plaintiff would have been required to prove a written contract, and could not have recovered on proof of other matter not alleged, whereby the contract would be taken out of the statute. It was said in note 2 to the case of *Mills* v. *Kuykendall*, 2 Blackf. 47 : "Where an act makes writing necessary to a matter, where it was not so at the common law, as where a lease for a longer term than three years is required to be in writing by the statute of frauds, it is not necessary to plead the thing to be in writing, though it must be proved to be so in evidence." The following paragraph is found in Brown on Statute of Frauds, sec. 511 : "In the next place, a defendant may insist upon the benefit of the statute, by plea of the general issue, or in equity by answer simply, denying the fact of the agree-

ment which the plaintiff charges to have been made. This puts the plaintiff to proof of the agreement at the trial or hearing, and he then must produce a writing." In the case of *Cozine* v. *Graham*, 2 Paige, 177, 181, it was said : "The rule of pleading on this subject is well settled in the courts of law, and I do not see why the principle of that rule is not equally applicable to this court.   It is there held that the  statute did not alter the form of  pleading; that if an agreement or contract is stated in the declaration to have been made, it is not necessary to allege that it was in writing, as that will be presumed until the contrary appears. If the agreement is denied, the plaintiff must produce legal evidence of its existence, which can only be done by producing a written agreement duly executed according to the provisions of the statute."

We apprehend the true principle to have been this, that where the declaration counted upon a contract within the statute of frauds, not alleging it to have been by parol, and not alleging any matter that would take it out of the statute, the declaration would have been good *because* the contract alleged may have been in writing, and *not because* there may have been other matters not alleged that would take the contract out of the statute ; and that this is all that is meant when it is said that the statute has not changed the rule of pleading, and furnishes only a rule of evidence.

We think it clear that, as the contract sued upon must be taken to have been a verbal and not a written one, neither the original nor a copy having been set out as required by the code if in writing, the plaintiff could not give in evidence a written one in support of his complaint. The complaint, therefore, can not be held good on the theory that prevailed before the code, that the contract may have been a written one.

The contract thus appearing to have been a verbal one

and within the statute, and therefore invalid, unless the purchaser has received a part of the goods, or has given something in earnest to bind the bargain, or in part payment, the question arises whether the complaint is good without averring the existence of some of those facts that would take the contract out of the statute.

On the denial of such complaint, the plaintiff would be required, doubtless, to prove the existence of some of the facts that would take the contract out of the statute, in order to entitle himself to recover. He could not recover by proving merely what he had alleged, the making and breaking of the parol contract by the defendant. And, if such complaint were to be held good, it would be contrary to fundamental principles of pleading and practice, which require a party to allege facts sufficient to constitute a cause of action, and to prove only that which he has alleged.

We are of opinion, for these reasons, that a complaint on a parol contract within the section of the statute of frauds hereinbefore set out, which does not show that the purchaser has received part of the property, or given something in earnest to bind the bargain, or in part payment, does not state facts sufficient to constitute a cause of action, and that a demurrer thereto for want of sufficient facts ought to be sustained. This was so held in the case above cited from Paige, where the court said : " If the agreement, as stated in the bill, appears to be a parol agreement only, and no sufficient grounds are alleged to take the case out of the statute, the defendant may by demurrer object to any relief founded thereon."

We may observe that the question we have been thus far considering has not been discussed by counsel, nor have we been favored with the citation of any authorities upon it. The argument on the sufficiency of the complaint has, on both sides, proceeded on the theory that the

complaint, counting on a parol contract, must show facts that would take it out of the statute, and the discussion has been confined to the question whether the giving of the note as alleged took it out of the statute.

We have given the question thus far decided more consideration than we perhaps otherwise should, for the reason that, in coming to the conclusion arrived at, we are compelled to overrule a previous decision of this court. In the case of *Harper* v. *Miller*, 27 Ind. 277, it was held, in reference to a parol contract within the same section of the statute, that, " as the statute operates as a rule of evidence, and not upon the pleadings, in this respect, it is not necessary to aver in the complaint the receipt by the purchaser of a part of the property, or the giving by him of something in earnest, or in part payment." This point in the above case, and in any others that may have followed it, must be regarded as overruled.

We now proceed to inquire whether the giving of the note, as alleged in the complaint, was sufficient to take the case out of the statute, for there is no pretence that the purchaser received any part of the property.

It may be observed that the note is not an agreement for the sale of the hogs, and can not be construed as a sufficient " note or memorandum in writing " of that bargain, within the meaning of the statute. Besides, it was not signed by the party sought to be charged in the action.

The note, we think, can not be regarded as part payment within the meaning of the statute. It was but the plaintiff's agreement to pay, in the future, a part of the purchase-money for the hogs, before the arrival of the time for their delivery. It was no more effective for the purpose of taking the contract out of the statute, as part payment, than would have been the plaintiff's parol promise to do the same thing.

Had the note been of such a character as to be governed by the law merchant, and therefore to legally operate, *prima facie*, as payment, the question presented might have been different. But it was not shown that the note was such as to be governed by the law merchant. A debtor's promissory note, not governed by the law merchant, does not legally operate as payment of the debt; but it may be made to so operate by the express agreement of the parties. *Maxwell* v. *Day*, 45 Ind. 509; *Alford* v. *Baker*, 53 Ind. 279.

It is not averred in the complaint that there was any express agreement between the parties that the note should be received as part payment for the hogs. But, if there had been, it would seem to be quite doubtful whether such an agreement would make the note operate as part payment within the statute. It would be but an agreement that a promise of future part payment should operate as part payment, while the statute requires something more than words; it requires part payment, and not a promise of part payment to be received as payment. See, on this point, *Brabin* v. *Hyde*, 32 N. Y. 519; *Artcher* v. *Zeh*, 5 Hill, 200; *Mattice* v. *Allen*, 3 Keyes, 492; *Matthiessen, etc., Co.* v. *McMahon's Adm'r*, 9 Vroom, 536; *Walrath* v. *Richie*, 5 Lans. 362; *Walker* v. *Nussey*, 16 M. & W. 602; *Ireland* v. *Johnson*, 28 How. Pr. 463.

We come to the inquiry whether the note can be regarded as earnest, sufficient to bind the bargain, and are clearly of the opinion that it can not.

It was said in the case of *Howe* v. *Hayward*, 108 Mass. 54, that, " As used in the statute of frauds, ' earnest ' is regarded as a part payment of the price." But, conceding that it may be something distinct from part payment, it is quite clear that it must have some value. Browne Stat. of Frauds, sec. 341; Benjamin Sales, sec. 189, and note c.

The note was of no value whatever, because it had no

consideration to support it, and its payment could not therefore have been enforced. To say that such a note has value, is but grasping at a shadow and losing sight of the substance. The contract for the sale of the hogs not being valid, the note given in consideration of the agreement therefor was based upon no valid consideration. That the note was void for want of consideration, is sustained by the following authorities: *Combs* v. *Bateman,* 10 Barb. 573; *Hooker* v. *Knab,* 26 Wis. 511. See, also, the case of *Scott* v. *Bush,* 26 Mich. 418. Indeed, the application to the question of a general principle of law is all that is necessary in order to dispose of it. The promise of one party may be a good consideration for the promise of the other. But if the promise of one is not valid and binding, because not made in accordance with the requirements of law, it can furnish no valid consideration for the promise of the other. The element of mutuality is entirely lacking in such case.

For these reasons we conclude that the complaint did not state facts sufficient to constitute a cause of action, and that the demurrer should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.