SHARP, Respondent, vs. CARROLL, Appellant.

*March 22 — April 6, 1886.*

SALE OF CHATTELS: STATUTE OF FRAUDS. *(1) Part payment: Surrender of note. (2) Delivery: Presumption of fraud.*

1. The actual surrender of a promissory note of the vendor by the vendee, as part of the purchase money for goods bought, is such a part payment as will take the sale out of the statute of frauds. Sec. 2308, R. S.

2. Plaintiff bought a quantity of wheat situated in a granary on the vendor's farm several miles distant. Afterwards, during the same morning, the defendant, as sheriff, having a writ of attachment against the vendor's goods, went to the farm and declared that he levied the writ upon said wheat. He did no other act at that time affecting the property, but immediately went in search of teams and sacks to remove the same. While he was absent the vendor and the plaintiff came to the farm, and the former locked the door of the granary and delivered the key to the plaintiff. Later in the day the defendant returned, forced the door, and removed the wheat. In an action for conversion, *held* that the delivery of the key to the plaintiff was a sufficient delivery of the wheat, under sec. 2310, R. S., to prevent a presumption that the sale was fraudulent, although the formal levy of the attachment intervened between the sale and such delivery.

APPEAL from the Circuit Court for *St. Croix* County.

This action was brought to recover the value of 400 bushels of wheat, which the plaintiff alleges was wrongfully taken from him by the defendant, and converted by the latter to his own use. The defendant answered that he was the sheriff of St. Croix county; that the wheat sued for was the property of one Wesley C. Sharp; that it was liable to seizure upon attachment; and that, as such sheriff, he seized the same by virtue of a writ of attachment duly issued to him, commanding him to attach the property of said Wesley to satisfy the claim of Fuller & Johnson, the attachment creditors.

It was proved on the trial that in the morning of the day on which the defendant seized the wheat, and before such seizure, the plaintiff and Wesley C. Sharp (who is his brother) had an interview in Baldwin, which is several miles distant from the farm and residence of Wesley, and they then and there negotiated, or attempted to negotiate, a sale, by Wesley to the plaintiff, of all the wheat in a granary on the farm and at the residence of Wesley. The evidence tends to show that on this occasion the plaintiff bought such wheat in bulk, at 85 cents per bushel, and agreed to take it at 700 bushels; that in part payment therefor he then surrendered to Wesley a promissory note for $500, which he held against Wesley, and agreed to pay the balance in cash; and that Wesley made formal delivery of the wheat by calling a witness, and saying, in his presence, to plaintiff: "I give you possession of the wheat now."

After the above transaction at Baldwin, and during the same forenoon, the sheriff attached the wheat under the writ mentioned in his answer. He declared that he levied his writ on the wheat, but did no other act affecting the property at that time. He immediately went in search of teams and sacks to enable him to remove the wheat. While he was absent, the plaintiff and Wesley came to the house

of the latter, and, pursuant to the request of the plaintiff, Wesley locked the door of the granary which contained the wheat, and delivered the key thereof to the plaintiff. Later in the day the sheriff returned with teams and sacks, forced open the door of the granary, and removed therefrom the wheat in controversy.

The case is further stated in the opinion. There was a general verdict for plaintiff, assessing his damages. A motion for a new trial was denied, and judgment entered for the plaintiff for the damages assessed by the jury. The defendant appeals.

For the appellant there was a brief by *McDonald, Kinney & Smith*, attorneys, and *Stevens & Morris* and *W. R. Bagley*, of counsel, and oral argument by *Mr. Stevens*. They contended, *inter alia*, that the fact that the sheriff left the wheat unguarded long enough to obtain wagons and sacks with which to remove it, did not operate to release the levy. Crocker on Sheriffs (ed. 1871), sec. 436; Freeman on Executions, secs. 260, 261; Murfree on Sheriffs, 523, 530; *Beekman v. Lansing*, 3 Wend. 446; *Butler v. Maynard*, 11 id. 548; *Westervelt v. Pinckney*, 14 id. 123; *Ray v. Harcourt*, 19 id. 495; *Green v. Burke*, 23 id. 493. The surrender of the promissory note would not be a payment *pro tanto*. It should, at least, have been canceled. *Clark v. Tucker*, 2 Sandf. 157–163; *Artcher v. Zeh*, 5 Hill, 200; Benjamin on Sales (1st Am. ed.), sec. 193, notes *k, m;* Id. sec. 194, note *m*. If held to be a payment, it operated only to make the contract valid *inter partes*, and it was still void as against creditors for want of delivery. R. S. sec. 2310; *Menzies v. Dodd*, 19 Wis. 346; *Janvrin v. Maxwell*, 23 id. 51. Under the statute a continued change of possession was necessary. *Osen v. Sherman*, 27 Wis. 501. The delivery of the key was after the levy of the attachment, and under that levy the defendant would hold the property against the plaintiff. *Lamb v. Durant*, 12 Mass. 54; *Caldwell v. Ball*, 1 Term,

205; *Lanfear v. Sumner,* 17 Mass. 110; 3 Phillips on Ev. (5th Am. ed.), 311, note 957.

For the respondent there was a brief by *R. H. Start* and *L. P. Wetherby,* and oral argument by *Mr. Start.* They argued, among other things, that the acts of the sheriff were not sufficient to constitute a valid attachment, before he took actual possession of the wheat. *Libby v. Murray,* 51 Wis. 371; *Powell v. Kechnie,* 19 N. W. Rep. 410; Rorer on Jud. Sales, secs. 1243–44; *Carey v. Bright,* 58 Pa. St. 70; *Camp v. Chamberlain,* 5 Denio, 198; *Bayley v. White,* 4 Pick. 397; *Carrington v. Smith,* 8 id. 419; *Sanderson v. Edwards,* 16 id. 144; R. S. sec. 2736. The surrender of the vendor's note was sufficient to render the sale valid under sec. 2308, R. S. Benjamin on Sales, sec. 194; *Dow v. Worthen,* 37 Vt. 108; *Gleason v. Day,* 9 Wis. 498.

LYON, J. The rules of law which govern this case are elementary, and the case calls for but little discussion. If a sale of the wheat by Wesley C. Sharp to the plaintiff was consummated at Baldwin, at the time they met there and negotiated on the subject, so that the title to the wheat, as between them, passed to the plaintiff, and if such sale was not void for any reason as against the creditors of Wesley, the wheat, when seized, was the property of the plaintiff, and the defendant acquired no right thereto by seizing it under the attachment as the property of Wesley. The circuit judge in his charge to the jury put the case on this basis by submitting to them the questions of fact: (1) Was the sale consummated at Baldwin? And, if so, (2) was it an honest *bona fide* sale? The jury resolved both questions in the affirmative by finding for the plaintiff. The instructions upon the subjects included in the above questions are quite full, and we think state the law correctly. If the transactions at Baldwin occurred as testified to by all who were then present, there can be no reasonable doubt that

Sharp vs. Carroll.

the plaintiff then purchased the wheat in bulk of Wesley, and delivered to him the $500 note in part payment therefor, and that the title to the wheat (as between them) passed then and there to the plaintiff. Certainly, both vendor and purchaser did everything in their power thus to transfer the title, and the jury have determined that they succeeded.

It was argued by counsel for defendant that the sale being by parol, and not accompanied by an immediate actual delivery of the property, the surrender of the note of the vendor was not such a part payment as will take the sale out of the statute of frauds and render it valid. The authorities cited to that proposition do not sustain it. They only hold that an agreement to surrender a claim or give a credit, in payment or part payment for the thing purchased, is not sufficient. The surrender must actually be made or the credit given. The purchaser must, at the time of the purchase, part with something of value. In this case the plaintiff did part with something of value in part payment for the wheat, to wit, the note he held against Wesley. Such note was effectually canceled by the delivery thereof to the maker pursuant to the parol contract.

On the question of the *bona fides* of the sale, the jury were instructed, substantially, that if it was not followed by an immediate delivery, and an actual and continued change of possession of the wheat, the sale was presumptively fraudulent and void as against the creditors of Wesley. This is the rule of the statute. R. S. sec. 2310. They were also instructed that if there was a *bona fide* surrender of the key of the granary by Wesley to the plaintiff, that was a delivery of the wheat, and removed from the sale the presumption of fraud, thus casting upon the defendant the burden of proving fraud, if he relies upon its existence as a defense. Only the substance of the charge as we understand it, not the language of the judge, is here given. We see no error in these instructions. The symbolical delivery

Sharp vs. Carroll.

to the plaintiff of the key to the granary was the only delivery of the wheat practicable at the time, in view of the bulk and nature of the property. Such delivery is effectual in such cases.

We think the application of the above rules of evidence to this case is not affected by the fact that the formal levy of the attachment was made intermediate the sale of the wheat at Baldwin and such actual delivery thereof to the plaintiff a few hours later. The delivery was made before the defendant actually took possession of the property, and the property was taken by him from the possession of the plaintiff.

Several instructions were proposed on behalf of the defendant, and refused. One of these related to the validity of the levy upon the wheat in the first instance. The charge throughout goes upon the hypothesis that such levy was valid and effectual as against the attachment debtor, and that, unless plaintiff could establish a paramount title to the wheat accruing before the levy, the defendant was lawfully entitled to hold it under his writ. Hence the instruction was immaterial. It is enough to say of the remaining proposed instructions that all of them which are material and contain correct legal propositions were sufficiently given in the general charge.

We are unable to find in the record any error which will justify a reversal of the judgment.

*By the Court.*— Judgment affirmed.