Norwegian Plow Co. vs. Hanthorn.

NORWEGIAN PLOW COMPANY, Respondent, vs. HANTHORN, Appellant.

*March 31 — April 17, 1888.*

| 71 | 529 |
|----|-----|
| 79 | 8 |
| 71 | 529 |
| 94 | 387 |
| 71 | 529 |
| 98 | 385 |

| 71 | 529 |
|-----|------|
| 117 | s271 |

SALE OF CHATTELS: STATUTE OF FRAUDS: EVIDENCE. *(1) Payment: Credit on debt. (2) Delivery: Receipt. (3) Cross-examination: Re-examination. (4–8) Debtor and creditor: Fraudulent conveyance: Evidence: Conversion by sheriff: Demand: Instructions to jury.*

1. Where goods are sold or transferred in part payment of a debt due from the vendor to the vendee, and the latter credits the value thereof upon the account, this is such a payment for the goods as will take the sale out of the statute of frauds (sec. 2308, R. S.).

2. *It would seem* that although goods sold are left in the possession of the vendor, if he gives a written receipt acknowledging that he holds them subject to the order of the vendee, this is a sufficient delivery and acceptance to take the sale out of the statute.

3. A witness for the plaintiff who has testified on cross-examination that he had seen a credit on the plaintiff's books, may be asked on re-examination what was the date of such credit.

4. The question being whether a transfer of goods from L. to the plaintiff was fraudulent as to other creditors of L., evidence of the consideration L. had paid to his former partner for the latter's interest in the goods is irrelevant, in the absence of evidence connecting the plaintiff with that transaction or showing his knowledge of its particulars.

VOL. 71 — 34

5. In an action against a sheriff for the conversion of plaintiff's goods which had been seized and sold by defendant's deputy as the property of a third person in whose possession they were found, an instruction that if the officer levied upon and sold the property in good faith the plaintiff cannot recover unless, before the sale, he demanded the goods from the officer, is *held* to have been properly refused, the levying officer not being the defendant, upon whom a demand was made, and the evidence not showing that the goods in question were so mingled with those of said third person as not to be readily separated. *Smith v. Welch*, 10 Wis. 91, distinguished.

6. The court having, at the request of the defendant and again in the general charge, instructed the jury that if the sale in question was, with the knowledge of the vendee, made with intent to hinder or delay or defraud the creditors of the vendor it was void, the omission of the words "hinder or delay," in calling attention to it again, and the use of the expression "his creditors generally," without adding "or any of them," are *held* not to have been misleading.

[7. *Quære*, whether a creditor who in good faith takes the property of his debtor in payment or part payment of an honest debt can be held to have committed a fraud upon other creditors because he may know or believe that the debtor is paying his debt to avoid paying other creditors,— especially where the creditor only receives goods which he has sold the debtor, and the debt is the purchase price of such goods.]

8. The question being as to the validity of a sale of goods which were left in the possession of the vendor, the court called attention to the fact that they were so left, and, after reading sec. 2310, R. S., instructed the jury that under that section the presumption was that the sale was fraudulent, but that if the vendee paid full value for the goods that fact would rebut the presumption of fraud. *Held*, that when taken in connection with the other instructions given this instruction was not erroneous as giving the jury to understand that proof of a full consideration paid would conclusively rebut all the evidence of fraud in the case.

APPEAL from the Circuit Court for *Rock* County.

The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Fethers, Jeffris & Smith*, and oral argument by *Mr. M. G. Jeffris*.

For the respondent there was a brief by *Dunwiddie & Goldin*, and oral argument by *Mr. B. F. Dunwiddie*.

TAYLOR, J. The respondent commenced this action in the municipal court of Rock county to recover the value of certain agricultural implements alleged to belong to the respondent company, which had been taken and converted by the defendant. The answer alleges that the defendant is the sheriff of Rock county, and that he took said property by virtue of an execution which, as such sheriff, he held against W. A. Lints and Byron Atwood; that the property was, at the time of the taking of the same, the property of said Lints & Atwood, and if any transfer of said property had been made to the respondent by Lints & Atwood, or either of them, such transfer had been made with intent to hinder and delay the creditors of said Lints & Atwood, to the knowledge of said respondent, and that said company colluded with said Lints & Atwood in their fraud. After a trial in the municipal court, the case was appealed to the circuit court of Rock county, where the case was again tried by the court and a jury, and a verdict rendered in favor of the plaintiff and respondent for the value of the property. From the judgment entered on such verdict an appeal was taken to this court.

On the trial, at the close of the plaintiff's evidence, the defendant moved for a nonsuit, which was denied, and exceptions taken. The ruling of the circuit judge on this motion is alleged as error. It is also alleged that the court erred in the admission and rejection of evidence, and in the instructions given to the jury. The material facts as shown on the trial were as follows:

The respondent company had sold the property in question to the firm of Lints & Atwood on credit. Afterwards the firm of Lints & Atwood was dissolved, and the property of the firm was transferred to said Lints, he assuming the debts of the firm. After the dissolution of the firm, and on the 17th day of August, 1886, the general agent of the respondent called upon Mr. Lints for payment or settle-

ment of his account with the company. The firm of Lints & Atwood was then indebted to the respondent in the sum of $445.85 for goods sold and delivered to them. On said 17th day of August, Lints had on hand and unsold of said goods, purchased of the respondent, which amounted in value, at the selling price to the firm, to the sum of $225.56. Mr. Lints, being unable to pay the debt due the company, proposed to the agent that he would return to the company their goods then on hand in part payment of the debt due the company. This offer was finally agreed to by the agent of the company. The agent then credited the amount on the account against Lints & Atwood of the value of said goods, and immediately informed the company of what he had done, and the company gave Lints & Atwood the same credit on the books of the company, and the agent at the same time delivered the account with the credit given thereon to the said Lints. At the same time Lints gave the company the following receipt for the goods:

"Received of the *Norwegian Plow Company*, of Dubuque, Iowa [here follows a particular description of the property]; all having been manufactured by the said *Norwegian Plow Company;* the aggregate net value of all said property being $202.56. Said property to be held by the said W. A. Lints, free of storage costs, and subject always to the order and complete control of said *Norwegian Plow Company.*                    W. A. LINTS.

"*Dated at Edgerton, Wis. August 17, 1886.*"

The agent of the company explained on the stand, as a witness, that the amount stated in the receipt was, by a mistake in adding up the value of the different articles, less by $23 and some cents than the real value, and that he at once corrected the credit to Lints, and informed the company, which also corrected the credit on its books. The sheriff seized the property on the execution against Lints &

Atwood, while the same was still in the warehouse of Lints, on the 20th day of August, 1886.

There was a claim made on the part of the appellant that this transaction between Lints and the agent of the company was not a *bona fide* transaction, but was made for the purpose of hindering, delaying, and defrauding the other creditors of said Lints & Atwood. The question of the *bona fides* of the transaction was submitted to the jury, and found in favor of the plaintiff.

Upon the argument in this court, the learned counsel for the appellant insist that the circuit court should have granted the nonsuit on their motion, because the evidence of the repurchase of the goods by the company from Lints did not show a valid purchase in the law; that there was no sufficient written memorandum of the sale, and no payment for the goods or delivery and acceptance of the same, sufficient to make a valid sale under sec. 2308, R. S. It seems to us very clear that there was sufficient evidence in the case to show that these goods were transferred by Lints to the plow company, and accepted by the company in part payment of its debt against Lints & Atwood. The general agent of the company testified that such was the fact; that he at once gave credit for the value of the goods on their account, and that the company gave credit on its books for the value of the goods on the 19th of August. Giving such credit, if made in good faith, is as much a payment for them as though the money had been paid over for them. *Gleason v. Day*, 9 Wis. 498; *Dow v. Worthen*, 37 Vt. 108, 113; *Walker v. Nussey*, 16 Mees. & W. 302; *Sharp v. Carroll*, 66 Wis. 62, 66; *Matthiessen v. McMahon's Adm'r*, 38 N. J. Law, 536; *Artcher v. Zeh*, 5 Hill, 200; *Ely v. Ormsby*, 12 Barb. 570; *Brabin v. Hyde*, 32 N. Y. 519; *Teed v. Teed*, 44 Barb. 96; *Mattice v. Allen*, 3 Keyes, 492; *Walrath v. Richie*, 5 Lans. 362; Benj. on Sales, §§ 192, 194. The general agent of the company testified that, at the time of the resale of

the property to the company by Lints, he credited the amount upon the account of Lints & Atwood, and delivered to him the account with the credit in writing thereon.    It is true, it is claimed by the defendant that this was not the fact; but that was a question of fact, and not of law.    The fact that the company immediately gave credit to Lints & Atwood on its books shows sufficiently that the agent was authorized to give the credit as he testified he had.    Under the authority of the cases cited, this credit was a payment of the purchase price within the meaning of the statute.    It would seem that the giving of a written receipt for the goods by Lints, acknowledging that he held the goods subject to the order of the company, and the acceptance of such receipt by the company, was a sufficient delivery and acceptance of them by the company to take the case out of the statute.    Benj. on Sales, § 182, and cases cited in the notes to said section; *Janvrin v. Maxwell*, 23 Wis. 51; *Smith v. Bouck*, 33 Wis. 33; *Marvin v. Wallace*, 37 Eng. L. & Eq. 6.    The motion for a nonsuit was therefore properly denied.

It is alleged as error that the court permitted the agent of the company to testify that the credit for the goods was given on the plaintiff's books on the 19th of August.    This evidence that a credit was given by the company on its books was drawn out on a re-examination of the witness, and after he had testified upon the cross-examination by the defendant that he had seen the credit on the plaintiff's books.    The witness was asked by the plaintiff what was the date of the credit on said books.    In this state of the case it was not error to permit the plaintiff to ask what was the date of the credit.    As original evidence for the plaintiff it was probably inadmissible; but as a re-examination of the witness as to new matter drawn out on cross-examination it was not error to admit the answer.

The rejection of evidence as to the consideration that

Lints paid his partner when he bought him out was clearly proper, as the evidence offered had no tendency to show that the sale to the plaintiff company was fraudulent. There is no evidence that the plaintiff had any connection with that sale, or that it or its agent knew anything about the particulars of that sale, either at the time of the sale or afterwards.

It is alleged as error that the court refused to instruct the jury as follows: "If you believe, from the evidence in the case, that the officer levied on and sold the goods in question in good faith, he having found them in the possession of Lints and believing that they belonged to him, then you must also find that before the sale a demand for the goods was made upon him by a person representing the plaintiff, and that the officer knew that said person represented the plaintiff, or was so informed by said person, or the plaintiff cannot recover." This instruction was properly rejected, for at least two good reasons: (1) The officer who levied on the goods in this case was not the defendant in this action, and the proof shows that a demand was made upon the defendant; (2) the evidence does not show that the plaintiff's goods were so mingled with the goods of the defendants in the execution under which the seizure was made that they could not be readily separated from the goods of such defendants. The evidence does not bring the case within the rule laid down by this court in *Smith v. Welch*, 10 Wis. 91.

The appellant insists that the court erred in instructing the jury as follows: "Did Lints by that transfer intend to defraud his creditors generally, and did Burdick, the plaintiff's agent, have knowledge of that intent? If he did, the plaintiff is not entitled to recover; so that is the real question for you to determine." It is urged that because the court did not insert in the charge the words, " or hinder or delay his creditors," and because it did not also state, "his

creditors generally " "or any of them," it was erroneous. The court had already, at the request of the defendant, given such instruction, and had again repeated it in his general instructions, and in calling the attention of the jury to this part of the case a third time we do not think the jury could have been misled by what is claimed as an omission in the instruction.   The instructions were fully as favorable to the defendant as was justifiable.   It is quite doubtful whether a creditor who in good faith takes the property of his debtor in payment or in part payment of an honest debt can be held to have committed a fraud upon the other creditors, because he may know or believe that the debtor is paying his debt to avoid paying some other creditor or creditors, and more especially when the creditor receives only goods which he has sold the debtor, and his debt is the purchase price of such goods.   A creditor in procuring pay from his insolvent or embarrassed debtor stands in a different relation to such debtor than a stranger who purchases the goods of such debtor knowing his embarrassment and his desire to avoid the payment of his creditors.   See *Gage v. Chesebro*, 49 Wis. 486, 491.

The learned circuit judge made the following statement to the jury: "It is conceded that these goods were in the warehouse of Lints or under the control of Lints, and that they remained there after this sale where they had been before, and that calls in review this statute, which I will now read."   The learned judge then read sec. 2310, R. S., and then continued: "These goods being left in the warehouse the same as they were before, under the control of Mr. Lints, the presumption, under this statute I have just read, is that the retransfer of those goods was fraudulent, and it was incumbent upon the plaintiff, therefore, to show that he took them in good faith.   If you shall believe that he paid the full value for these goods, even although he left them there, that would rebut the presumption of fraud; so

Norwegian Plow Co. vs. Hanthorn.

that if he had not paid the full value, but had agreed to, and there was some sufficient reason for his leaving them there, that would rebut the presumption of fraud." This the learned counsel for the appellant claims was an erroneous instruction as to the effect of the statute quoted upon the transaction. It is said that under this instruction the jury must have understood the court to mean that, if the plaintiff had given full value for the property in question, then all evidence of fraud in the case was conclusively rebutted and the plaintiff was entitled to recover. This instruction, taken in connection with the other instructions given by the court, could not have been so understood by the jury. The meaning of the instruction is simply that the legal presumption of fraud arising out of the mere fact that the property was left in the possession of the vendor is rebutted by proof of a full consideration paid for the same, and not that it rebutted all other evidence of fraud which may have been proven in the case. So understanding the instruction, it was not erroneous. See *Williams v. Porter*, 41 Wis. 422, 429; *Bullis v. Borden*, 21 Wis. 137; *Livingston v. Littell*, 15 Wis. 222; *Sargeant v. Solberg*, 22 Wis. 132; *James v. Van Duyn*, 45 Wis. 512, 518; *Semmens v. Walters*, 55 Wis. 675, 684; *Kalk v. Fielding*, 50 Wis. 339, 346, 347; Benj. on Sales, § 740, and notes. See especially the cases cited from Massachusetts: *Ingalls v. Herrick*, 108 Mass. 351; *Thorndike v. Bath*, 114 Mass. 116; *Hobbs v. Carr*, 127 Mass. 532; *Russell v. O'Brien*, 127 Mass. 349, and numerous other cases. In view of all the evidence in this case, we think there was no error in the instruction above quoted. The evidence as a whole would hardly justify a verdict different from the one rendered by the jury.

The case appears to have been fairly tried, and the evidence fully sustains the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 37 N. W. Rep. 830.— REP.