Alexander *v.* Moore.

ALEXANDER, Defendant in Error, *vs.* MOORE, Plaintiff in Error.

1. A. made a parol contract with J. T. for the delivery of a certain number of beef cattle, and, pursuant to the contract, deposited with G. money in part payment. The receipt given by G. stated that the money was deposited on a contract made with *W. T. Held,* it might be shown by parol evidence, for the purpose of taking the contract out of the statute of frauds, that the money was in reality deposited for J. T.; that this amounted to nothing more than proving a part payment by parol evidence.

*Error to St. Louis Court of Common Pleas.*

*R. M. Field,* for plaintiff in error. 1. The contract on which the plaintiff relied was void by the statute of frauds. It was not pretended that any written contract existed, except what was contained in the certificate signed by Greely & Gale. Conceding that they were the agents of both parties, competent to bind them, the contract was not with the plaintiff but with a different person. *Champion* v. *Plummer,* 1 N. H. Rep. 252. *Sherburne* v. *Shaw,* 1 N. H. Rep. 157. *Nichols* v. *Johnson,* 10 Conn. 192. Where a broker makes a contract for his principal, but the broker's name is inserted in the me-

morandum, the principal cannot recover upon it. *Shaw* v. *Finney*, 13 Metcalf, 453. 2. The application of the payment to Greely & Gale to a different contract than that mentioned in their certificate, not only contravened the statute of frauds, but a settled rule of the common law, that no parol evidence shall be admitted to contradict or vary the written contracts of parties. Besides, there was, in truth, no evidence whatever adduced that Moore made the payment on any other contract than that mentioned in the certificate.

*F. M. Haight, Leslie & Barrets*, for respondent. 1. The principle that a mistake in the christian name may be explained by parol evidence is applicable. 10 J. R. 133. 9 Cow. 140. 7 ib. 13. 12. J. R. 77. 13 J. R. 518. 2. Payment of the money to Greeley & Gale was a compliance with the contract and the only contract made. The receipt of G. & G. could be explained by parol evidence. No writing was necessary; all that was necessary was payment of money on the contract.

Scott, Judge, delivered the opinion of the court.

The petition claimed damages of Moore, the defendant, for refusing to receive one hundred head of beef cattle, alleged to have been bought by Moore of John T. Alexander, the plaintiff.

The answer denied that the defendant had made any contract with the plaintiff.

A man by the name of Hickman went to the farm of the plaintiff, in the state of Illinois, and through the brother of the plaintiff, made a contract with him for the delivery in St. Louis of one hundred head of beef cattle at a stipulated price. This agreement was made subject to the condition that Hickman's partner in St. Louis should be satisfied with the price; if he should be, five hundred dollars were to be deposited with Greely & Gale, and the plaintiff was to be notified thereof by telegraph. The sum agreed upon was deposited with Greely &

Gale by the defendant, who took from them a certificate of deposit, as follows :

" Received of John T. Moore & Co., five hundred dollars, which amount will be paid to William Alexander, of Illinois, provided he deliver, within fifteen days from this date, to the above named firm of J. T. Moore & Co., at St. Louis, one hundred head of beef cattle ; in case of default thereof, then the above named five hundred dollars to be refunded to the said Moore & Co., on the return of this certificate. When we are called upon for the above five hundred dollars by Mr. Alexander, the amount is to be paid on return of this document.

" GREELY & GALE.

" St. Louis, June 20, 1851."

After this, the plaintiff received a telegraphic dispatch from Moore, to the effect that five hundred dollars had been deposited for William Alexander with Greely & Gale, on account of the cattle contract. This dispatch was addressed to William Alexander. A dispatch of the like tenor was addressed by Greely & Gale to William or James Alexander. James Alexander was the agent for the plaintiff, and had made the contract with Hickman for the plaintiff. Upon the receipt of these dispatches, the plaintiff immediately drove his cattle to St. Louis and offered them to the defendant, who declined receiving them, saying that he had made no contract with *John T.* Alexander ; that his agreement was with William Alexander. So soon as the cattle reached St. Louis, they were levied on by the United States marshal, by virtue of an execution against *William* Alexander. After being detained some days, they were delivered by the marshal to the plaintiff, to whom they belonged. In the mean time, the cattle had depreciated in value, and were sold for a less sum than that agreed to be paid by the defendant. This action is brought to recover the loss sustained by the breach of this contract.

1. The defence rested on the statute of frauds and perjuries ; that there was no valid contract proved between the parties ; that no parol proof ought to be regarded by the jury, to the

effect that the deposit was made on the behalf of any other person than William Alexander, the person named therein. The court refused instructions to this purport, and directed the jury, in effect, that if the contract was made with the plaintiff, and $500 were deposited on account thereof, and the plaintiff offered to comply with his part of the agreement, and the defendant refused, they would find for the plaintiff.

There was a verdict for the plaintiff, on which judgment was entered up. The misdirection of the judge is the error relied on.

This case wears very much the aspect of a conspiracy on the part of the defendant and others, to deceive the plaintiff; to cause him to bring his property to a place where it might be seized on execution in another state, to satisfy the debt of another, and to furnish evidence against himself that his property did not belong to him.

By express enactment, the payment of part of the purchase money takes a contract out of the statute of frauds and perjuries. Although the name of William Alexander was inserted in the certificate, the facts furnish no pretence that any contract was made with him, and it was very properly left to the jury, whether the contract was not with the plaintiff, and whether there was not a part payment of the purchase money. If a man makes a contract with another, and informs him that he has deposited money on the contract, the fact that he misnames the promisee, in a notice of having made payment, or his having the name of another inserted designedly or fraudulently in the receipt which he takes from the person with whom the money is left, can avail him nothing. To enable the plaintiff to recover, it was only necessary to show a contract and a part payment of the purchase money. As the defendant notified the plaintiff that there was a part performance, and as there was in fact a receipt, it matters not what names were used by him in having the instrument prepared. The thing is the making of the payment. This may be proved by parol, notwithstanding there is written evidence of it, and surely the admission of

the defendant that it was on account of the plaintiff, was sufficient. As the contract was, in fact, made with the plaintiff, and as he was, in fact, notified of the payment in pursuance to its terms, it cannot matter what names were employed in the paper. His conduct may have thrown difficulties in the way of the plaintiff, in obtaining the deposit from Greely & Gale, but that makes no difference. The principle, that parol evidence cannot be received to contradict the sense of a written contract, has no bearing on this case. The contract was a parol one. The only question was, whether there was a part payment. That fact may be shown by parol, and the evidence clearly warranted the verdict. The receipt was not necessary testimony to prove the contract, but the payment, and no principle is clearer than that a written receipt is open to the explanation of parol evidence.

The other judges concurring, the judgment will be affirmed.