JENNINGS & SILVEY, Appellants, v. J. U. DUNHAM, Respondent.

### Kansas City Court of Appeals, January 28, 1895.

1. **Sales:** EARNEST: ROMAN AND COMMON LAW. It was a custom under the common law to give something to bind a bargain, and one species of earnest in the Roman law was a payment which, if the sale was carried out, was to be credited on the price but was forfeited if the sale was not completed by the buyer; and if the contract was not performed by the seller, he was to return it to the buyer together with a like sum as a forfeit on his part.

2. ———: ———: FORFEIT: PART PAYMENT: COMMON LAW: FRAUDS AND PERJURIES. In modern times earnest must be a part payment of the price and where the parties put up a sum of money to be forfeited to the non-defaulting party, it is not a part payment and therefore does not take a contract out of the statute of frauds. *Alexander v. Moore*, 19 Mo. 143, *distinguished*.

3. **Appellate Practice:** SAME THEORY ABOVE AND BELOW. The appellate court will decide a case on the same theory on which it is tried and not upon a different theory.

4. **Sales:** NONPERFORMANCE: MEASURE OF DAMAGES. Where the vendee abandons the contract and the vendor sells the bargained property and sues to recover the difference between the price obtained and the contract price, he must show that he sold for the best price that he could obtain.

5. ———: ABANDONMENT: INTENTION. In submitting the question whether the vendee withdrew from the contract, it is proper to submit the question of his intention to the jury.

6. **Evidence:** IMMATERIAL. In this case it was immaterial whether plaintiffs lost hogs by driving them in the heat, or whether they heard defendant was dissatisfied with his contract.

*Appeal from Polk Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*Dickey & McDowell,* *T. G. Rechow* and *Herman Pufahl* for appellants.

(1) It was perfectly competent to show that plaintiffs lost hogs from overheat, as tending to show that they were getting the hogs to Seymour with all possible speed, and was error in the court in excluding this testimony.    (2) It was competent to show that plaintiffs had got word before their arrival that defendant was sick of his contract and would not take the hogs. (3) The court erred in refusing instruction number 1 as asked by the plaintiffs, and by adding to the same, "unless you further believe from the evidence that plaintiffs failed to sell said hogs to the best possible advantage," and by refusing instruction number 2 as asked and adding to same, "unless you shall further believe from the evidence that plaintiffs did not sell said hogs to the best advantage possible." (4) Defendant's third and fourth instructions concede the contract, but assert the proposition that, if the money was put up as a forfeit, then there can be no recovery.   This is not the law but could at most limit the recovery to that amount.    *Tinkham v. Satori,* 44 Mo. App. 659; *Long v. Towl,* 42 Mo. 545; *Potter v. McPherson,* 61 Mo. 240; *Cochrane v. Railroad,* 113 Mo. 359; *Divinell v. Brown,* 54 Me. 468; *Jones v. Binford,* 74 Me. 439; 2 Greenleaf on Ev., secs. 257, 258, 259; *Linde v. Thompson,* 2 Allen, 256.    (5) This case is not within the statute of frauds, and defendant's fifth instruction should not have been given.    *Zwisler v. Storts,* 30 Mo. App. 179; *Woodson v. Hubbard,* 45 Mo. App. 363, and cases there cited.    But if it was, then there was such part performance as would take the case out of the statute. There was also such part payment as earnest as would take the case out of the statute of frauds.    *Alexander v. Moore,* 19 Mo. 143.

*Scott & Hoss* for respondent.

(1) Appellants can not try the case on a different theory than that assumed by them in the trial court. *Walker v. Owen*, 79 Mo. 563; *Whitstone v. Shaw*, 70 Mo. 575; *Tomlinson v. Ellison*, 104 Mo. 112; *Bank v. Gallaher*, 43 Mo. App. 482. (2) The case at bar is within the statute of frauds. R. S. 1889, sec. 5187. (3) The parties by their agreement did not take the case out of the statute of frauds. *Howe v. Hayward*, 108 Mass. 54. (4) It is the duty of every vendor in reselling property in case of a defaulting vendee, to sell it to the best possible advantage, for the vendor by his act becomes the agent of the defaulting vendee. *Anderson v. Frank et al.*, 45 Mo. App. 482; *Sands v. Taylor*, 3 Johnson's New York Common Law Rep. bottom p. 1057, top. p. 396. (5) If it appears from the whole record that the judgment was for the right party the appellate court will not reverse the case for some technical error. *Brooking v. Shinn*, 25 Mo. App. 277; *The Aultman & Taylor Co. v. Smith*, 52 Mo. App. 351.

ELLISON, J.—Plaintiffs sued the defendant for damages in failing to take of them a lot of-hogs, according to a contract between them. Defendant prevailed in the trial court. Plaintiffs contracted with defendant to sell him a large number of hogs. Some of them were to be fat, and others stock hogs. They were to be delivered at Seymour. The evidence conflicts as to the exact day of delivery.

1. The first question presented relates to the statute of frauds. Our statute, section 5187, Revised Statutes, 1889, provides that no sale of personal property of the price of $30 or more, shall be valid, unless the buyer accept and receive a part of the

property, "or give something in earnest to bind the bargain, or in part payment," or unless some written memorandum be made. There was no delivery of any part of the hogs at the time of making the contract, nor was there any written memorandum of the sale; and the question arising on the evidence is, was there a part payment? It was shown that plaintiffs and defendant at the making of the contract, each placed the sum of $50 in the hands of a third party, the plaintiffs' theory at the trial being that the sum put up by defendant was to be a part payment; while on the other hand there was evidence in defendant's behalf tending strongly to prove that each party respectively put up these sums as a "forefeit," so that the party failing to perform his contract should forfeit the amount put up by such party; the party not in default should receive the whole sum put up. The trial court instructed the jury, that, if the money was placed in the hands of a third party as money to be forfeited by the defaulting party, it was not a payment and the contract was invalid. A literal reading of the statute undoubtedly makes a distinction between something which is given in earnest to bind the bargain, and that which is given in part payment. Originally this "earnest" was not necessarily a part payment. It was a custom under the common law, and seems also to have been a custom in other countries than England to give something to bind a bargain. In some countries some act was performed. Story on Sales, section 273. Benjamin states in his work on Sales, section 196, that one species of earnest in the Roman law was a payment of a sum which if the sale was carried out was to be credited on the price, but which carried the understanding that it was forfeit money if the sale was not completed by the buyer; and if the contract was not performed by the seller, he was to return to the buyer the money advanced together

with a like sum as a forfeit on his part. Whether a sum which is termed forfeit money was ever a species of earnest by the common law need not now be investigated, since it has ceased to be of practical importance. It is now considered, that giving something in earnest to bind the bargain, and giving something in payment mean the same thing; that is, a part payment of the price. Benjamin on Sales, sec. 189; Story on Sales, secs. 273, 275. So, while in some countries in olden times, "earnest to bind the bargain" might consist of forfeit money, it is not so now. In modern times, earnest must be a part payment of the price. And, where the parties to a contract put up a sum of money to be forfeited to the non-defaulting party, it is not a part payment, and therefore does not take the contract out of the statute of frauds. This was directly so held in *Howe v. Hayward*, 108 Mass. 54. The case of *Alexander v. Moore*, 19 Mo. 143, which has been cited by plaintiffs, is not in point; that case was where a part payment of the price was put into the hands of a third party by the purchaser.

Plaintiffs, however, make the point here that there was no contract for the sale of the hogs by plaintiffs to defendant, but that plaintiffs were merely employed by defendant to purchase the hogs for him. It is enough to say of this, that it is quite apparent such theory was not the theory upon which the case was tried below, and we hardly need repeat, that we will decide the case as it was tried.

In our opinion, the instructions of the court were proper as applied to the various phases of the evidence. There was an addition made by the court to some of those offered by the plaintiffs, wherein plaintiffs, after submitting certain hypotheses, closed by declaring the measure of damages which plaintiffs were entitled to

Jennings & Silvey v. Dunham.

recover, the court added a proviso to such direction, that plaintiffs must have sold the hogs to the best advantage.    When it is considered that plaintiffs, when they, according to their theory, found that defendant had abandoned the contract, sold the hogs and were seeking to recover the difference in the price they got and the price they were to get under the contract, it is apparent the addition was properly made by the court, since it is the law in such cases that the best price which may be obtained must be.    We discover no error in other minor changes.

The instructions in behalf of defendant merely submitted the case to the jury, from the standpoint of the defendant's theory, and were proper.    The tenth instruction was on the question of defendant's alleged abandonment of the contract, and, under the evidence, must have had reference to his deliberate withdrawal therefrom while it was yet obligatory upon him.    It was proper, therefore, to submit to the jury in this respect the question of defendant's intention.

We have examined the objections made to the court's ruling on the evidence, and have discovered no substantial error materially affecting the merits of the case.    Whether any of the hogs were lost from over-heating on the drive to Seymour, could have no bearing on the rights of the parties under the contract.    Nor was it of any moment what plaintiff, Jennings, might have heard as to defendant's being dissatisfied with his contract.    Nor as to what plaintiffs paid for the hogs.

A full consideration of the points made by plaintiffs, has not led us to the discovery of anything which would justify our interference with the judgment, and it is accordingly affirmed.    All concur.