### STEDMAN W. HOWE *vs.* SAMUEL W. HAYWARD.

**Money** deposited with a third person by the parties to an oral contract, to be by him paid to either of them, as a forfeiture, if the other should neglect to fulfil his part of the contract, is not given in earnest to bind the bargain, within the statute of frauds, Gen. Sts. c. 105, § 5.

CONTRACT for breach of the defendant's oral agreement to buy the stock of the plaintiff's livery stable in Milford for $2500. The answer, among other defences, set up the statute of frauds. At the trial in the superior court, *Dewey,* J., upon special findings of the jury relating to this defence, directed a verdict for the defendant, and reported for the revision of this court the case which is stated in the opinion.

*T. G. Kent,* for the plaintiff, cited *Marvin* v. *Wallis,* 6 El. & Bl. 726, 735 ; *Blenkinsop* v. *Clayton,* 7 Taunt. 597 ; *Artcher* v *Zeh,* 5 Hill, 200 ; *Marsh* v. *Hyde,* 3 Gray, 331, 332.

*P. E. Aldrich*, for the defendant.

CHAPMAN, C. J. It appears by the report, that the parties made an oral contract for the sale of property by the plaintiff to the defendant, and that each of them deposited the sum of $200 in the hands of one Taft. The plaintiff contended that the money deposited by the defendant was given in earnest to bind the bargain, or in part payment. The defendant contended that it was under an agreement that the sum should be forfeited in case he refused without just cause to perform the contract. The jury found that it was not deposited in earnest or in part payment, but was deposited " as a forfeiture, to be paid over to the party who was ready to perform the contract, if the other party neglected to do so ; " and under the instruction of the court found for the defendant. The plaintiff contends that the finding should have been for the plaintiff, because, if the money was deposited as a forfeiture, as stated, it amounted to " earnest," within the meaning of the statute of frauds. This depends upon the proper definition of that term as used in the statute.

The idea of " earnest," in connection with contracts, was taken from the civil law. Güterbock on Bracton (Am. transl.) 145. It is not necessary to consider its precise effect under that law. As used in the statute of frauds, " earnest " is regarded as a part payment of the price. 2 Bl. Com. 447. *Pordage* v. *Cole*, 1 Saund. 319 *b*. *Langfort* v. *Tiler*, 1 Salk. 113. *Morton* v. *Tibbett*, 15 Q. B. 428. *Walker* v. *Nussey*, 16 M. & W. 302. 1 Dane Ab. 235. The case of *Blenkinsop* v. *Clayton*, 7 Taunt. 597, cited by the plaintiff, turned on the question of delivery.

The deposit with Taft was not therefore equivalent to an earnest to bind the bargain, or part payment, and there was not a valid sale within the statute of frauds. The ruling was correct.

*Judgment on the verdict.*