Filed March 12, 1885.

---

No. 11,759.

## HUDNUT v. WEIR.

STATUTE OF FRAUDS.—*Parol Contract.—Personalty.—Consideration.*—A parol contract for the purchase of five thousand bushels of corn, at fifty cents per bushel, payable on delivery, the purchaser as a part consideration of the sale to furnish bags in which to put the corn when shelled, which he does to the value of $100, is within the statute of frauds and can not be enforced.

SAME.—*Earnest.—Part Payment.*—In such case the delivery of the bags is not "earnest or part payment."

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies*, for appellant.

*W. P. Edson*, for appellees.

MITCHELL, J.—The facts, as stated in the complaint, are, that in January, 1883, Charles Weir sold to Theodore Hudnut five thousand bushels of corn then owned by him, for which Hudnut agreed to pay fifty cents per bushel, the corn to be delivered by the seller on the bank of the Wabash river. As a part of the consideration of the sale the purchaser agreed to furnish sacks in which to put the corn after it was shelled, and it was agreed that he should receive, take away, and pay for the corn as soon as it was shelled and delivered on the bank of the river.

It is then averred " that in pursuance and part performance of said contract, said defendant did then and there furnish and deliver to plaintiff fifteen hundred sacks, of the value of one hundred dollars;" that the plaintiff after receiving said sacks proceeded to shell the corn and put it in the sacks de-

livered to him, and then delivered it in good order at the place stipulated, and notified the defendant, who refused to receive and accept the same; that the plaintiff was compelled to sell the corn at a sacrifice, and sustained damages, etc.

A demurrer was overruled to the complaint, and this ruling is assigned for error.

There being no averment in the complaint that there was a "note or memorandum in writing of the bargain," it will be presumed, following the rule in *Krohn* v. *Bantz*, 68 Ind. 277, that no writing was signed.

No note or memorandum in writing having been made, as required, and no part of the corn having been delivered and received under the contract, it is conceded that the contract was void, unless the fact of the delivery by the purchaser to the seller of the sacks in which to deliver the corn took it out of the statute.

Where no written memorandum is signed by the party to be charged, and no part of the property sold is delivered, then, in order that the contract may not fall within the statute, it is necessary that the party alleging it shall furnish unequivocal proof that something of value was delivered to the seller, either "in earnest, to bind the bargain, or in part payment" of the price to be paid for the property which was the subject of the alleged contract.

The giving of something of value as "earnest," or the part payment of the price, are considered as facts, independent of the contract, which are susceptible of parol proof, and when the proof of either is added to the parol proof of the contract, it is regarded as a sufficient safeguard, so as to admit of the dispensing with the other requirements of the statute. 1 Benj. Sales, section 189.

It was said in the case of *Howe* v. *Hayward*, 108 Mass. 54 (11 Am. R. 306), that, "As used in the statute of frauds, 'earnest' is regarded as a part payment of the price," and it was held in that case, as also by this court in *Noakes* v. *Morey*, 30 Ind. 103, that a check delivered as a forfeiture, in a case

of non-performance, was neither part payment nor earnest, and so, too, it was held in *Krohn* v. *Bantz, supra,* that where the purchaser delivered his note, not governed by the law merchant, it would not be regarded either as part payment or earnest.

The contract as it is averred in the complaint in this case is, that the "defendant agreed to pay the sum of fifty cents per bushel for said lot of corn," and as a "part of the consideration for said sale, the defendant agreed to furnish the sacks in which to put said corn." It is then averred that "in pursuance and in part performance of said contract," the defendant delivered the sacks.

The substance of the transaction as the complaint exhibits it is, the appellant purchased the appellee's corn at a stipulated price, and agreed to furnish his own sacks to the seller in which to deliver it. In pursuance of this agreement he delivered the fifteen hundred sacks which were to be returned to him with the corn. We think it can not be said that this was a part payment of the price of the corn. At section 194 of 1 Benjamin on Sales, it is said: "There seems, therefore, no reason to doubt that the part payment required by the statute of frauds as an act in addition to the parol contract, in order to make a sale good, need not be made in money, but that anything of value which by mutual agreement is given by the buyer and accepted by the seller 'on account' or in part satisfaction of the price will be equivalent to part payment."

The sacks continued the property of the appellant after, the same as before, they were delivered to the seller. The appellee took no property in them, nor other right, except to fill them with corn and return them.

A learned court has said: "The statute of frauds has been pronounced by high authority (Kent's Comm., 2 V., 494), to be, in many respects, the most comprehensive, salutary, and important legislative regulation on record, affecting the security of private rights. Its benefits it is believed will be most effectually secured, by rejecting refined distinctions, overlook-

ing the supposed equity of particular cases, and adhering steadily to its language as the best exponent of the intention of the legislature." *Shindler* v. *Houston,* 1 Coms. (N. Y.) 261.

We are of opinion that the demurrer to the complaint should have been sustained.

Judgment reversed, with costs, with directions to proceed according to this opinion.

Filed Feb. 14, 1885.