Weir v. Hudnut.

No. 13,256.

WEIR v. HUDNUT.

STATUTE OF FRAUDS.—*Part Payment.*—*Earnest Money.*—Part payment of the contract-price of property bargained for is earnest-money, and will prevent the operation of the statute of frauds.

SAME.—*Payment May be Made According to Contract of Parties.*—Such part payment may be made not only in money, but in property or services, or whatever of value the parties agree shall constitute payment.

From the Posey Circuit Court.

E. D. Owen and W. P. Edson, for appellant.

A. P. Hovey and G. V. Menzies, for appellee.

ELLIOTT, J.—The appellant's amended complaint, omitting the formal parts, is this :

" That the plaintiff sold five thousand bushels of corn to the defendant under a certain contract, that is to say, the defendant agreed to pay to the plaintiff for said corn fifty cents per bushel, and in part payment therefor, in addition to said fifty cents per bushel, the defendant further agreed to hire to plaintiff, and to give him the use of, a sufficient number of sacks in which to sack said corn and deliver the same to the defendant, which said use of said sacks became and was a part of the consideration and payment for said corn, and a part of the purchase-price therefor, which said purchase-price would have been more than fifty cents per bushel, in cash, but for the payment and furnishing the use of said sacks by said defendant as aforesaid ; and it was further agreed by and between the plaintiff and the defendant, as a part of said agreement of sale, that said corn was to be by the plaintiff delivered upon the bank of the Wabash river, at a point about two miles above the Louisville and Nashville Railroad bridge, and that the said sum of fifty cents per bushel was to be paid by the defendant to the plaintiff as soon as the same was shelled and delivered upon the bank of the said

river, as aforesaid. The plaintiff further says that, in pursuance of said contract, and in part payment of the purchase-price of said corn, the defendant did then and there, at the time of the making of said contract, furnish to the plaintiff fifteen hundred sacks, to have the use of the same for sacking, holding and delivering said corn, which sacks were of the value of one hundred dollars, and the use of the same, as aforesaid, was worth the sum of twenty-five dollars. The plaintiff further says that he did, according to the terms of said contract, deliver said corn, shelled and sacked, upon the bank of the Wabash River, at the place agreed, in good order and condition, of all of which he then and there notified the defendant, but that the defendant wholly refused and neglected to accept or take said corn according to said contract, and that by reason of the premises the plaintiff was damaged in the sum of one thousand dollars."

This complaint, it is important to note, avers that the delivery of the sacks, in which the corn was to be placed, to the seller was in part payment of the price of the corn. It is averred not only that payment was to be made in money and by furnishing the sacks, but that part payment was made of the agreed price by furnishing the sacks. We emphasize the fact that it was agreed that payment should be made by furnishing the seller with sacks, and that the sacks were furnished to him as part payment of the price of the corn which the appellee purchased. It is this fact which distinguishes the case from *Hudnut* v. *Weir*, 100 Ind. 501. Here the complaint avers, and the demurrer admits, that it was agreed that the sacks were to be furnished in part payment, and that in part payment they were furnished. In the complaint which came before us in *Hudnut* v. *Weir*, *supra*, there was no such averment. It is, perhaps, difficult to conceive how the averment can be established by evidence, but with that question we are not now concerned, for it is admitted to be true. It will not, of course, be sufficient to prove a part performance, for that will not be an " earnest to bind the

bargain," since the plaintiff must prove payment, as payment, of part, at least, of the agreed price. But, as the case is now presented to us, there was, it is conceded by the demurrer, payment of part of the price agreed upon by the contracting parties. They agreed what should be taken in payment, and what was agreed upon was in part actually paid.

What the parties agree shall constitute payment, the law will adjudge to be payment. It is competent for parties to designate by their contract how and in what payment may be made. It is by no means true that payment can only be made in money; on the contrary, it may be made in property or in services. In short, whatever the parties agree shall constitute payment will be regarded by the courts as payment, provided the thing agreed upon is of some value. *Kuhns* v. *Gates*, 92 Ind. 66; *Tilford* v. *Roberts*, 8 Ind. 254.

It has been held in many cases that payment in articles of property will bind the bargain and prevent the operation of the statute of frauds. *Sharp* v. *Carroll*, 66 Wis. 62; *Bach* v. *Owen*, 5 T. R. 409; *Phillips* v. *Ocmulgee Mills*, 55 Ga. 633; *Hunter* v. *Wetsell*, 84 N. Y. 549; *Combs* v. *Bateman*, 10 Barb. 573.

A text-writer thus states the rule: "There seems, therefore, no reason to doubt that the part payment required by the statute of frauds as an act in addition to the parol contract, in order to make a sale good, need not be made in money, but that anything of value which by mutual agreement is given by the buyer and accepted by the seller, 'on account' or in part satisfaction of the price, will be equivalent to part payment." 1 Benjamin Sales, section 194. Another writer says: "The statute evidently contemplates that the part payment shall be made at the time the contract is entered into, and shall be in money, or something of value which is accepted as its equivalent." Wood Frauds, section 294.

The thing delivered in part payment must be of some value, but if of any value at all, it will be sufficient to bind

the bargain.   One of the old writers says that "If all or part of the money is paid in hand; or I give earnest money, albeit it be but a penny," the contract is valid.   Shepard Touch., 224; *Langfort* v. *Tiler*, 1 Salk. 113; *Artcher* v. *Zeh*, 5 Hill (N. Y.), 200; Wood Frauds, section 293.

Part payment of the price is earnest money, and binds the bargain. *Howe* v. *Hayward*, 108 Mass. 54; *Bissell* v. *Balcom*, 39 N. Y. 275; 2 Blackst. Com., 447; Wood Frauds, section 294.

The complaint brings the case within the principles declared by the authorities, for it shows that the value of the use of the sacks was twenty-five dollars, and that the purchase-price to that extent was paid by the seller's furnishing the sacks for the use of the buyer.   If the seller had agreed to furnish for the use of the buyer a corn-sheller, or some other machine, as part payment of the purchase-price, it would be very clear that such a payment would bind the bargain, and there is no difference in principle between such a case and one like the present, for it can make no difference what thing of value is given in part payment.   Of course the thing must be given in part payment of the purchase-money agreed upon or it will be unavailing; but here, as we have said, the property furnished the buyer is conceded to have been in part payment of the agreed price of the corn.

Judgment reversed.

Filed Sept. 27, 1888.