(Decided December 3rd, 1896).

---

# WALTER SCOTT CORBETT *vs.* JACOB E. WOL-FORD and Others.

*Instructions to the Jury—Sale of Goods Within the Statute of Frauds*
*—Acceptance and Receipt.*

A prayer instructing the jury that the plaintiff is entitled to recover
provided they find certain facts, withdraws from the jury the con-
sideration of all facts other than those mentioned, and if from such
excluded facts, the jury would be justified in drawing a conclusion
different from that which the prayer requires them to find, it is error
to grant such prayer.

In a sale of goods where there is no memorandum of the agreement
or part payment of the purchase money, there must be, under the
Statute of Frauds, a delivery of the goods with the intent to vest the
possession in the buyer and there must be an acceptance by the lat-
ter with intent to take possession as owner.

Defendant orally agreed to buy certain ricks of hay standing in an open
field, and afterwards sent men in his service to pack the hay.    One
of these began the work and a few minutes later all of the hay was
accidentally destroyed by fire.    In an action for the price the de-
fendant testified that the agreement was that after being packed in

bales the seller was to deliver the hay at a certain station, when the price was to be paid. *Held*, that it should be left to the jury to say whether the defendant had accepted the hay by beginning to bale it or whether the acceptance and receipt was to take place after delivery by the seller at the station.

Appeal from the Circuit Court for Washington County (STAKE, J). The plaintiff's first prayer, which was granted, is set forth in the opinion of the Court. The defendant's second prayer, which was also granted, is as follows: If the jury shall find from the evidence that there never was any delivery and acceptance by the defendant of the hay sued for in this action, and if they shall further find that there was no part payment or earnest given to bind the alleged contract of sale of said hay, and shall further find that there was no note or memorandum of said contract in writing, signed by the defendant or his agent thereunto lawfully authorized, then their verdict must be for the defendant. And the jury are instructed that to constitute an acceptance, there must be a delivery of the hay with intent to vest the right of possession in the vendee (the defendant), and there must be an actual receipt by the latter, or his agent, or some one authorized by the buyer, with intent to take possession as owner.

The jury returned a verdict for the plaintiffs for $160.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*Alexander R. Hagner*, for the appellant.

*Wm. J. Witzenbacher* and *J. A. Mason*, for the appellees.

BRYAN, J., delivered the opinion of the Court. ·

Corbett contracted to purchase from the appellees twenty tons of hay at the price of eight dollars a ton. The hay was contained in several ricks in an open field which belonged to Wolford and his wife, and was occupied by the Ripples as their tenants. The contract was verbal. According to the seventeenth section of the Statute of Frauds, a sale

of goods and chattels of the value of ten pounds and up-
wards is not valid, unless the buyer shall accept part of the
goods sold and actually receive the same, or give something
as earnest to bind the bargain or in part payment, or some
note or memorandum in writing be made and signed, &c.
Nothing was given as earnest to bind the bargain, or in part
payment, and no note or memorandum in writing was made.
Corbett was sued by the appellees for the price of the hay,
and judgment was rendered against him. The evidence tended
to prove that shortly after the contract was made, Corbett
ordered men who were in his service to go to the place
where the hay was standing in ricks and pack it; and that
one of his men took some of the hay from the top of one
of the ricks and trimmed down the sides; and that in
about twenty minutes afterwards all the hay was accidently
destroyed by fire.

The question at the trial was whether the title to the hay
had vested in Corbett, before it was burnt up. On the
prayer of the appellees, the Court granted the following in-
struction: " The jury are instructed that if they believe
from the evidence that the defendant bought the hay in con-
troversy and directed his hands or employees to bale the
same, and said hands took possession of said hay, and by
topping the same and cutting down the sides thereof pre-
pared the same for such baling and that such hay was
afterwards destroyed by fire, then the jury are instructed
that such acts are evidence of the receipt and acceptance by
the defendant of the hay in controversy, and their verdict
must be for the plaintiffs."

. The facts stated if there had been no others in evidence
would have justified the jury in finding a verdict for the
plaintiffs. We do not desire to be unnecessarily critical in
considering the form of the instruction. It is well, however,
to say, that this Court has, on several occasions, disap-
proved of this method of putting a case before the jury.
Among other authorities we refer to *Hurt* v. *Woodland,* 24
Md. 417; *Moore* v. *McDonald,* 68 Md. 336; *Kennedy* v.

*County Commissioners*, 69 Md. 71–72. We would not, nevertheless, be willing to reverse the judgment if there were not a more serious objection to this instruction. We will state it. Corbett in his, testimony, says: "The hay was to have been delivered by the plaintiffs, after I had packed it, to Charlton Station or at the canal landing, which place I was to determine after it had been packed, and then the money was to be paid." This testimony was entirely excluded from the consideration of the jury by the Court's instruction. It tended to show that by the terms of the bargain, Corbett was not to accept the hay until it was conveyed by the plaintiffs "to Charlton Station, or the canal landing," and if believed by the jury it was competent for them to find that what occurred at the hay-rick was merely in preparation for the packing which Corbett was to do, in order that the plaintiffs might deliver it to him at the appointed place. Whatever might be the belief of the jury on this point, they were required to find for the plaintiff, provided they believed the facts hypothetically stated in the instruction. When it is stated in a prayer that the plaintiff is entitled to recover, provided the jury find certain enumerated facts, it has been uniformly held that the effect of the prayer is to withdraw from the jury all other facts than those mentioned. It was so declared in *Riggin* v. *Patapsco Insurance Company*, 7 Harris & Johnson, 280; and also in *Bosley* v. *Chesapeake Insurance Company*, 3 Gill & Johnson, 462; *Adams* v. *Capron*, 21 Md. 205; *Haines* v. *Epply & Pearce*, 41 Md. 234, and in every other case where the question has been raised. If the jury would be justified in drawing from the facts excluded from the prayer a conclusion different from that which the prayer requires them to find, it is a manifest corrollary from the ruling just mentioned that it would be error to grant such a prayer. The cases just cited maintain this position.

It was held in *Belt* v. *Marriott*, 9 Gill, 335, that "in order to satisfy the Statute (of Frauds) there must be a delivery of the goods with intent to vest the right of possession in the

vendee, and there must be an actual acceptance by the latter, with intent to take possession as owner." And this doctrine is fully sustained by the authorities. The facts excluded from the instruction tended to the inference that the acceptance of the hay by Corbett was to take place when it was delivered at Charlton Station or at the canal landing. Of course, the jury may have refused to draw this inference, and they may have concluded that the other testimony in the cause proved that the purpose to deliver the hay at one of the places named had been changed; or they may have refused to believe the testimony altogether. But it was certainly their province to consider it, and to form their opinion upon it. Their verdict ought to be founded on all the facts in evidence which bear on the matter in controversy and they must be submitted to their finding, unless they are admitted to be true. For error in withdrawing evidence from them the judgment must be reversed and a new trial ordered.

*Reversed and new trial awarded.*

(Decided December 3rd, 1896).