(Decided January 4th, 1898).

---

# THE FORT WORTH PACKING CO. *vs.* THE CONSUMERS' MEAT CO.

*Sales—Statute of Frauds, Sec. 17—Acceptance and Receipt.*

Defendants made an oral contract for the purchase of a car-load of dressed beef. He superintended the loading of it, said that he was satisfied with its quality, and promised to make payment upon its arrival in B. The seller shipped the goods under a bill of lading in his own name, endorsed, and attached the same to a draft upon the defendant which the latter refused to pay. In an action to recover the price, *Held*, that the contract was unenforceable under the seventeenth section of the Statute of Frauds, because there was no memorandum in writing of the agreement, or acceptance and receipt of the goods or part payment.

Appeal from the Superior Court of Baltimore City (WRIGHT, J). This was a suit on the common counts for an alleged indebtedness due by the appellee to the appellant. The appellee pleaded the general issue and *lis pendens*. The verdict was for the defendant under the instructions of the Court, and the appellant filed a motion for a new trial, which was overruled, and an appeal was prayed. The bill of lading for the cargo of beef—to recover the price of which this suit is brought—was in these words : " Bill of lading (original) of G. C. & S. F. Ry. Co., dated Fort Worth, July 27, 1894, for ' 1 car-load dressed beef, Eastman car ' from Fort Worth Packing Co., Fort Worth to Baltimore. Marked, ' *Shippers Order*.' Notify

Consumers' Meat Co., Baltimore, Md." It was endorsed
" Fort Worth Packing Co., per Walter Ross," and was
accompanied by a draft, one day after sight, on the appellee
by the appellant, for $648.22, to the order of the National
Live Stock Bank, Fort Worth, Texas. This draft was en-
dorsed for collection for account of said bank, and there
was this further endorsement on it in pencil, when produced
at the trial below : " Refuse to accept, will pay on arrival.
Goods arrived to-day ; answer, was refused ; have attached
the goods. B. & O. R. R. Co. say the sheriff has taken
the car." " Notice."

The cause was argued before McSHERRY, C. J., BRYAN,
FOWLER, PAGE and BOYD, JJ.

*Randolph Barton, Jr.* and *Herbert B. Stimpson* (with
whom were *Barton & Wilmer* on the brief), for the appel-
lant.

*Henry C. Kennard* (with whom was *Howard Bryant* on
the brief), for the appellee.

BRYAN, J., delivered the opinion of the Court.

This is a question under the seventeenth section of the
Statute of Frauds. According to the evidence, in July
eighteen hundred and ninety-four, the Consumers' Meat
Company made a contract with the Fort Worth Packing
Company for the purchase of a car-load of dressed beef.
The contract was made at Fort Worth, Texas, by H. C.
Rohr, the President of the Consumers' Company. It was
not in writing ; and nothing was given in earnest nor in part
payment. Rohr saw the cattle killed, dressed and packed ;
superintended the loading of the beef, and expressed himself
as satisfied with its quality and condition. He agreed that
it would be paid for when it arrived in Baltimore. The beef
was shipped to the order of the Fort Worth Packing Com-
pany, Baltimore. The bill of lading was marked : " Ship-
pers' order, notify Consumers' Meat Co., Baltimore, Md."

A draft was drawn by the Fort Worth Packing Company on the Consumers' Meat Company for the price of the beef. The drawee refused to accept the draft, and levied an attachment on the meat when it arrived in Baltimore. By the seventeenth section of the Statute of Frauds no contract for the sale of any goods, for the price of ten pounds or upwards, *shall be allowed to be good* unless the buyer shall accept part of the goods sold, and actually receive the same, or give something in earnest or in part payment, or unless some note or memorandum in writing is signed by the parties, &c.   The Consumers' Company never received the beef into its possession.   It was shipped to the order of the Fort Worth Company; and the Consumers' Company could not obtain possession of it without paying the draft drawn upon it.   It had agreed to accept the draft and pay it on the arrival of the beef in Baltimore.   But possession was not to be delivered to it except on the condition of paying the draft.   By the express terms of the statute the contract to purchase and pay for the beef was not valid unless the buyer actually received it.   It has often been decided that "in order to satisfy the Statute of Frauds there must be a delivery of the goods with intent to vest the right of possession in the vendee; and there must be an actual acceptance by the latter with intent to take possession as owner."   *Corbett* v. *Woolford,* 84 Maryland, 426, and many other cases.   There was in this case no delivery of the beef; there never was any purpose to vest the right of possession in the purchaser unless he should pay the draft; the purchaser never took possession of it, and never paid the draft.

   An action was brought by the appellant against the appellee; and the Court below decided in substance that the contract was void.

*Judgment affirmed.*

(Decided January 4th, 1898).