DRIGGS v. BUSH.

1. STATUTE OF FRAUDS — SALES OF GOODS — PART PAYMENT —
   WHAT CONSTITUTES.
   Where plaintiff bought 24 or more tons of hay of defendants at
   $10 per ton, plaintiff to pay for baling and defendants to de-
   liver it at the railroad, payment by plaintiff of the cost of
   baling constituted a sufficient part payment to take the con-
   tract of purchase out of the statute of frauds, section 9516, 3
   Comp. Laws

2. ESTOPPEL—CONTRACT OF SALE—REPUDIATION—EFFECT.
   Where the sellers of certain hay repudiated the contract and
   refused to deliver, the buyer's remedy under the contract,
   as an executory contract, was complete, and it did not lie
   with the sellers to urge, when sued accordingly, that the title
   to the hay had passed by delivery and receipt.

Error to Van Buren; Des Voignes, J.  Submitted Jan-
uary 24, 1908.  (Docket No. 149.)  Decided March 31,
1908.

Assumpsit by Hue H. Driggs against Levi Bush and
William Dean for breach of a contract for the sale of cer-
tain hay.  There was judgment for plaintiff, and defend-
ants bring error.  Affirmed.

*Anderson & Warner*, for appellants.

*Barnard & Lewis*, for appellee.

MONTGOMERY, J.  The plaintiff is a buyer of hay, and
through his agents, Homer B. McWilliams and John Van
Horn, made a contract with the defendants, who own and
operate two farms in Van Buren county, and who were
the joint owners of the hay crop thereon, for the purchase
of 24 tons of hay or more, at the option of the defendants.
The contract was by parol, and as appears by the testi-
mony offered on behalf of the plaintiff, was as follows:

"Mr. Dean said, 'I want $10 a ton, and you bale the hay.' We finally bought all of the hay for $10 a ton and we to do the baling and we were to take the hay the first cars we could get at Gobleville after the hay was baled."

The testimony of the other witness for plaintiff does not vary materially from this, he stating:

"We were to pay him $10 a ton for it, and we was to pay for the baling."

It was also a part of the agreement that the defendants were to draw the hay to Gobleville and place the same on board cars. After the contract was made, the plaintiff sent balers to the premises of the defendants who baled the hay, the defendants being present and assisting in the work. The price paid for baling the hay was $1.10 per ton, or $33.55, that being the regular price for such services. The defendants subsequently refused performance of the contract, and this action was brought to recover damages for the breach. Plaintiff was permitted to recover below the difference between the purchase price of the hay and its actual market price at the date when delivery was contemplated. Defendants bring error, and contend that the contract was void under the statute of frauds, and has never been validated, and this presents the principal question for our consideration.

Our statute of frauds, 3 Comp. Laws, § 9516, reads as follows:

"No contract for the sale of any goods, wares or merchandise, for the price of fifty dollars or more, shall be valid, unless the purchaser shall accept and receive part of the goods sold, or shall give something in earnest, to bind the bargain or in part payment, or unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby or by some person thereunto by him lawfully authorized."

It is obvious that at the time this contract was made there was no such delivery or part payment as satisfied the terms of this statute. But as this statute does not require the payment or acceptance to be at the time of the

making of the contract, as is the case in New York and some other States (see 1 Mechem on Sales, § 419), it is competent for the parties to validate their contract by any act which amounts to a delivery and acceptance or to a payment. The circuit judge was of the opinion that when the hay was baled by the plaintiff's agents upon the premises of the defendants and with their co-operation, this constituted such a delivery and acceptance as would answer the requirements of the statute of frauds.

It is strenuously insisted that there was no such delivery or acceptance, and plaintiff's counsel do not seek to maintain that there was. Without passing directly upon the question, therefore, in this case, we may assume that there was no such completed delivery as the statute requires, and that the defendants still retained the title to the property after the same was baled. We are not concerned with the correctness of the reasoning of the circuit judge if the correct result was reached. The question occurs, therefore, whether the expenditure of $1.10 per ton upon this hay, which remained the property of the defendants, which expenditure was received and accepted by them, and was made in pursuance of the contract between the parties, was such a part payment as answered the requirements of the statute. It is contended that the thing in earnest must be actually paid, and received by the seller. This we fully accept. But there can be no doubt in this case that the service of baling this hay was received and accepted by these defendants, and if this was done at a time while the hay remained their property, and such service was received in pursuance of the contract made between the parties, we can conceive of no valid objection to treating this as a part payment of the consideration which was to pass from the plaintiff to the defendants at a time prior to the passing of the title of the hay to plaintiff. This being so, there has been a payment by the plaintiff and a receipt by the defendants of a part of the consideration. It was the hay in its improved form as baled hay which, according to the theory of the de-

fendants, was to pass from the defendants to the plaintiff, and if this be accepted as true, which it doubtless is, it cannot be successfully contended that the defendants have not received the value of services performed by the plaintiff in pursuance of this contract.

Suppose this agreement had been on the part of the plaintiff to pay a stated price for this hay when baled and delivered and at the same time to thresh defendants' oats on the farm. The contract would not be materially different. In the one case as in the other, plaintiff is performing a service for defendants which increases the value of their property. It is not necessary that the payment made upon the contract be in money. See *Kuhns* v. *Gates*, 92 Ind. 66; *Howe* v. *Jones*, 57 Iowa, 130; *McLure* v. *Sherman*, 70 Fed. 190.

Defendants rely upon *Corbett* v. *Wolford*, 84 Md. 426; *Terney* v. *Doten*, 70 Cal. 399; *Galbraith* v. *Holmes*, 15 Ind. App. 34; *Hudnut* v. *Weir*, 100 Ind. 501, which was again before the court as *Weir* v. *Hudnut*, 115 Ind. 525.

The case of *Corbett* v. *Wolford* is claimed to be controlling. In that case, however, while the facts are somewhat similar to the case under consideration, the question of whether the baling of the hay was a part payment was not under consideration at all. The case dealt with the sole question as to whether there had been in fact any delivery and acceptance which would take the transaction out of the statute of frauds.

The case of *Terney* v. *Doten* arose under a statute which rendered invalid all sales of personal property or agreement to buy or sell unless there was a note or memorandum in writing or an acceptance by the buyer *at the time* of sale paid as part of the price. In that case defendant agreed to sell plaintiff 100 unbroken horses at the price of $75 each. The defendant was to gather up a number of horses from the band, from time to time, and place them in corrals from which plaintiff was to select not less than 20 and commence rough breaking them, having for that pur-

pose the use of defendant's harness, cart, etc., after which the number so selected and broken were to be turned into defendant's pasture field and another selection made in a like manner and for a like purpose, and so on until the whole number agreed upon had been bought and sold. Under the contract, the plaintiff later on went to defendant's ranch, got together a number of horses, from which plaintiff selected 22 and commenced breaking them, upon the conclusion of which he turned them into the pasture field of defendant and waited for defendant to gather another lot. It was held that none of the horses forming the subject-matter of the contract ever passed into the absolute control and possession of the plaintiff, and that there was no acceptance and receipt of any of them by the plaintiff within the meaning of the statute. The question whether there had been payment to the defendant by the plaintiff upon the contract was not involved, as it obviously could not have been urged on plaintiff's behalf for the reason that there was no pretense that any payment was made *at the time of the sale*, which is the requirement of the California statute. It is needless to repeat that our statute contains no such requirement.

The cases of *Galbraith* v. *Holmes* and *Hudnut* v. *Weir* are very similar in their facts. In *Galbraith* v. *Holmes* it appeared that plaintiff made an agreement with the defendant by the terms of which defendant was to ship him flour to apply upon an indebtedness owing from defendant to plaintiff. Plaintiff also agreed to deliver to defendant his own sacks in which to put the flour and return to the plaintiff. In the case of *Hudnut* v. *Weir* the arrangement was very similar except that the purchaser agreed, as a part of the consideration of the sale, to furnish the bags in which to put corn when shelled, but it was said, and very properly, that the delivery of the sacks to the seller was a matter for the purchaser's own accommodation and was not part payment, and that therefore this did not take the transaction out of the statute. But in *Weir* v. *Hudnut* the averment of the declaration being

that the use of the sacks was to be treated as part consideration for the purchase of the property, the court held that this stated a case. It will be noted that in these cases there was no passing of the title of the sacks from the purchaser to the seller. In the present case, any work done upon the hay in baling the same, passed a present benefit from the purchaser to the seller, and as it was done in pursuance of the contract, it could be nothing else than payment upon the contract. None of these cases, therefore, militate against the conclusion which we announce, that this contract was validated by the receipt of the benefit of baling the hay in pursuance of the contract.

None of the other questions presented call for discussion, as they relate to the other feature of the case. For instance, it is contended that the rule of damages was improper if the case is rested upon the view that the title to the hay had passed from defendants to the plaintiff. It does not lie with the defendants to urge that the title had passed by delivery and receipt. They have repudiated that view of the case, and having refused to perform on their part, the plaintiff's remedy under the contract, as an executory contract, would seem to be complete and properly applied in this case. See *Davis* v. *Strobridge*, 44 Mich. 157.

The judgment is affirmed.

GRANT, C. J., and OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.