# LORENZO WENGER

*vs.*

## JOHN G. GRUMMEL ET AL., TRADING AS JOHN G. GRUMMEL & SON.

*Sale of Goods—Earnest and Part Payment.*

The "something" given "in earnest" or "part payment" which by Code, Article 83, Section 25, will render enforcible an oral contract for the sale of goods of the value of fifty dollars or upward, must be something of value which by mutual agreement is given by the buyer and accepted by the seller on account of or in part satisfaction of the purchase price, and an oral contract for the sale to plaintiff of all the tomatoes grown by defendant is not enforcible merely because plaintiff gave defendant some tomato seeds and plants, on the understanding that defendant would sell plaintiff the tomatoes grown by him at a price to be specified later, and which should be "as much as the packers would" pay, no valuation being placed on the seed and plants given defendant, and no credit on the purchase price being contemplated on that account.          p. 83

*Decided February 5th, 1920.*

Appeal from the Circuit Court of Harford County. In Equity (HARLAN, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Harry S. Carver*, with whom was *J. Royston Stifler* on the brief, for the appellant.

*S. A. Williams*, with whom was *Philip H. Close* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court:

The decree from which the appeal in this case is taken determines and states "that the defendant contracted with the complainant for the delivery of the tomatoes to be grown on a piece of land of the defendant, described in the evidence as containing five acres, more or less, and that the complainant should pay therefor the price paid by the packers in the vicinity in which the parties hereto live, which price was first fixed at forty-five cents a bushel, but later was raised to fifty cents a bushel, and that the complainant is entitled to have said contract specifically enforced," and the defendant was directed by the decree to "deliver to the complainant all the tomatoes grown on said five acres, and that upon such delivery the complainant pay to the defendant at the rate of fifty cents therefor."

There is a serious conflict in the testimony as to the existence of the agreement to which the decree refers. But upon the record we should not feel justified in reversing the decision of the lower Court upon that issue of fact. There is, however, another question in the case upon which we have reached a conclusion inconsistent with the decree. As provided by the Uniform Sales Act: "A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upward shall not be enforceable by action, unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf." Code, Art. 83, Sec. 25. The term "goods," as defined by Section 97 of the Act, includes "industrial growing crops."

The value of the tomatoes alleged to have been sold in this case appears to have been largely in excess of fifty dollars. No part of the goods was received by the buyer. There was no memorandum in writing of the contract. The bill averred

and the plaintiffs testified that it was verbal. The contract is therefore not enforceable unless it is proven that the plaintiffs gave something in earnest to bind it, or in part payment. As a supposed compliance with this condition the plaintiffs rely upon the fact that they furnished the defendant some seed and plants for use in producing the crop of tomatoes to be purchased. It appears that the seed and plants obtained from the plaintiffs were not actually used in the production of the crop, and there is no proof that they were agreed to be given in earnest to bind the bargain, or that they had any relation whatever to the contract price. Upon this subject the member of the plaintiff firm who negotiated the transaction testified in chief as follows: "Q. What was said between you and him (the defendant) about seed? A. After I gave him the seed he said he would plant the seed for me and I was to get the tomatoes from him * * * Q. When did he get the plants? A. When planting time was; I cannot say the exact date. * * * Q. Was it stated, the terms on which he got the seed in your talk? A. No, sir; I didn't make any terms. * * * Q. He subsequently came and got the plants? A. Yes, sir. I wasn't there at the time he got the plants." On cross-examination the witness testified: "I told him when he got the seed if he would grow the seed I will pay him as much as the packers would, and he said, 'All right.' * * * I gave him the seed. I gave him two and a half or three pounds of seed." The evidence in reference to the plants is simply to the effect that the defendant was allowed to take some from the plaintiffs' plant bed. The defendant testified that the plaintiffs gave him some seed, but it had been frozen and did not "come up," and he later went back to buy some plants from the plaintiffs and found that they had only inferior ones left, of which he took a few handfuls, and these he did not actually use. He was afterwards supplied with plants from another source.

The reference we have made to the testimony shows that it fails to support the theory of the plaintiffs that the seed

and plants in question were given "in earnest to bind the contract, or in part payment." In the application of statutory provisions like the one here considered, the terms "earnest" and "part payment" are regarded as having the same meaning. 25 *R. C. L.* 617; *Howe* v. *Hayward,* 108 Mass. 54; *Bouvier's Law Dictionary* (Rawle's 3rd Revision), Vol. 1, p. 964; 3 *Words and Phrases,* 2302. While the part payment need not be in money, it must be something of value "which by mutual agreement is given by the buyer and accepted by the seller on account of or in part satisfaction of the purchase price." 25 *R. C. L.* 618; *Hudnut* v. *Weir,* 100 Ind. 501; *Weir* v. *Hudnut,* 115 Ind. 525; *Driggs* v. *Bush,* 152 Mich. 53; 15 *L. R. A.* (N. S.) 654; *Walrath* v. *Ingles,* 64 Barb. 265; *Hewson* v. *Peterman Mfg. Co.,* 76 Wash. 600; 20 *Cyc.* 251; *Benjamin on Sales,* 7th Ed., p. 180. There was no such agreement in this case. No valuation was placed on the seed and plants given the defendant, and no credit on the purchase price was contemplated on that account. The amount of the price to be paid for the tomatoes was not definitely fixed, according to the plaintiffs' testimony, until long after the seed and plants were obtained. Apparently they were furnished upon the understanding that the defendant would sell his tomatoes to the plaintiffs for a price which should be specified later, and which should be "as much as the packers would pay." But neither the determination of the amount nor the payment of the price was to be affected in any way by the fact that the plaintiffs gave some seed and plants to the defendant. That was not an act which either party appears to have understood or intended to have the effect of a part payment on account of the sale.

The verbal bargain upon which the plaintiffs rely is consequently rendered unenforceable by the express terms of the statute.

*Decree reversed, with costs and bill dismissed.*