## J. R. RICE CO. v. HARDEMAN-KING CO.

No. 17597.　Opinion Filed Feb. 14, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

**Evidence—Contracts—Banks and Banking— Parol Evidence to Explain Ambiguous Contract Between Buyer and Seller as to Specification of Collecting Bank— Loss of Remittance Through Failure of Bank.**

H. entered into a contract to sell merchandise to R. As to method of payment of the purchase price, the contract provided as follows:

"Terms of payment arrive draft, with bill of lading attached, through First State Bank of Gowen. Buyer specifying the bank, becomes responsible for final payment to the seller."

Upon shipment, draft drawn on the buyer with bill of lading attached was forwarded to the bank named for collection and remittance. The buyer paid the draft with its check on the bank named, of which it was a depositor, and the check was charged to buyer's ample account. The bank remitted the proceeds by its draft on another bank. Before the bank's draft was presented in due course the drawer bank became insolvent and the draft was protested for nonpayment. In an action to recover on the contract, held, that the meaning of the liability provision was obscure, requiring extrinsic proof to determine if the buyer had in fact specified the bank so as to charge it with the responsibility of final payment, and that the question was one of fact for determination by the jury under proper instructions of the court; and further held, that refusal to permit the defendant buyer to show the circumstances as to designation of the bank, and determination of the question against the defendant by the trial court from the fact of execution of the contract, constitutes error, for which a verdict and judgment against the defendant will be reversed.

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Suit by Hardeman-King Company, a corporation, against J. R. Rice Company, a copartnership, on a contract of sale of merchandise. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Horton & Gill and Briggs & Kyle, for plaintiff in error.

J. S. Arnote, for defendant in error.

TEEHEE, C. In the trial court the parties appeared in their reverse order. They will be here so designated.

On July 2, 1924, plaintiff sued defendant for $943.75 for merchandise sold under a contract dated February 14, 1924, the phase of which here being material provided:

"Terms of payment arrive draft, with bill of lading attached, through First State Bank of Gowen.

"Buyer specifying the bank, becomes responsible for final payment to the seller."

The merchandise was shipped on May 3, 1924, from plaintiff's place of business at McAlester, Okla., to defendant at its place of business at Gowen, Okla. The draft for the purchase price, drawn by plaintiff on defendant with bill of lading attached, was forwarded through the American National Bank at McAlester to the bank at Gowen. On May 10, 1924, defendant paid the draft by its check on the First State Bank, of which it was a depositor. The bank charged the check to defendant's ample account and delivered the bill of lading whereunder the merchandise was received. On May 12, 1924, the First State Bank, in remittance of the collection, issued its draft on the First National Bank of Hartshorne, Okla., in favor of the American National Bank. On the following day, the First State Bank failed to open its doors, whereupon it was taken charge of by the State Bank Commissioner as an insolvent bank. On May 15, 1924, the draft of the First State Bank was protested for nonpayment. Thereupon plaintiff made demand on defendant for payment of the merchandise, and on refusal of payment, suit was filed for recovery on the contract.

Defendant answered, first, by general denial; second, denial of purchase under the contract except such items as were scheduled in the contract; and, third, that said purchase was made under oral contract on or about May 1, 1924, said merchandise being shipped to shipper's order with draft with bill of lading attached, which was presented in due course and paid by defendant, and therefore defendant was not indebted to plaintiff. New matter in the answer was traversed by plaintiff. Upon trial of the

cause there was a jury verdict and judgment thereon against the defendant, whereupon the cause was brought to this court for review.

In this court the judgment is challenged as erroneous on several grounds. The chief controversy is whether or not payment of the indebtedness by defendant in the manner made was in accordance with the terms of the contract, which goes to the interpretation thereof.

The point arises upon the refusal of the trial court to permit defendant's witness to answer the question if the defendant had specified the bank named in the contract as the collecting agency in the transaction. The court determined the question as one of law against the defendant, holding that by virtue of execution of the contract the defendant had specified the bank named therein, or, in other words, that was the meaning of the language employed, and that extrinsic proof was not required in that interpretation. The point was further raised by demurrer to plaintiff's evidence; motion for a directed verdict; a like requested instruction; a motion for judgment notwithstanding the verdict of the jury; and by motion for a new trial. The view of the court that the question was one of law was further affirmed in the court's instruction to the jury that if they found by a preponderance of the evidence that the merchandise was shipped under the contract, their verdict must be for the plaintiff notwithstanding the attempted payment in the manner already pointed out. The action of the court in refusing to permit its witness to answer the question, if it had in fact specified the bank, the defendant challenges as error. Thus the question is raised of whether or not the liability provision of the contract relied on by plaintiff is free of ambiguity.

As noted, the contract provided that "buyer specifying the bank, becomes responsible for final payment to the seller." It is not urged that either party was under any disability to enter into such contract, and therefore "What the parties agree shall constitute payment the law will adjudge to be payment" (Weir v. Hudnut, 115 Ind. 525, 18 N. E. 24), and not undertake to make a different contract for them. Delk v. City National Bank, 85 Okla. 238, 205 Pac. 753.

Defendant contends that the provision of the contract in question, under the language used, is clearly conditioned that its liability is contingent upon its having specified the bank, and that the terms employed are not equivalent to a statement that the buyer has,

in fact, specified the bank, nor is there any language otherwise on the face of the contract to show that such was the fact; and, further, that the language is plainly susceptible of divergent interpretation in that the provision may mean that the defendant had specified the bank and fixed its responsibility, or that such responsibility would attach in the event if it would specify the bank, and hence that the effect of the agreement was that if defendant specified the collecting bank, it was liable if there was failure of the means employed by the specified bank to effectuate payment, and that if the seller made the selection, the means of payment was at plaintiff's risk. In this contention the defendant is given support by plaintiff, as the record shows that plaintiff must have been in doubt of the sufficiency of the court's ruling upon the matter, for upon cross-examination of the same witness it undertook to show through a letter transmitting the invoice covering the shipment of the merchandise, containing the advice, "as per your instructions draft for the amount of this invoice has been sent to the First State Bank," that after receipt thereof defendant at no time made protest that he had not specified the bank and that such silence was confirmatory of the fact of designation by the defendant as would be indicated by the quoted language of the letter. To this offer defendant objected on the ground that the same was self-serving and was by the court sustained. By virtue of defendant's objection to the introduction of this letter, plaintiff contends that defendant is not now in position to urge an error which it invited and acquiesced in, and therefore cannot assume a position here inconsistent with that taken in the trial court. This, however, is not well taken, for the reason that the letter was excluded on the ground that it was self-serving. Whether this was a correct ruling need not now be determined. Plaintiff, however, further contends in this connection that defendant is precluded under rule 26 of this court, in that the full substance of the evidence is not set out in its brief, together with the objections to the court's rejection.

While the defendant did not make profert of what the evidence in that connection would have shown in conformity with the rule cited, yet, from the entire record of the cause, it clearly appears that the evidence sought by the question of designation of the bank was to show that the defendant had not specified the collecting bank named so as to charge it in accordance with the liability provision of the contract. The defendant in its answer had asserted payment

of the merchandise account which it was then undertaking to establish by its evidence. It had already shown that the draft was paid by its check drawn on the collecting bank, of which it was a depositor, with its check charged by the bank to its ample account, and that the collecting bank had issued its own draft in remittance of the proceeds of the collection, which plaintiff knew would be the manner of remittance, this being the usual and customary method where banks are used as the means of collection. The defendant's pleading which it was thus undertaking to sustain, the colloquy between the court and counsel for both parties following objection to the question if defendant had specified the bank, and the colloquy following objection to the introduction of the letter containing the language referred to, we think fully advised and informed the trial court of the substance of the testimony excluded as if a formal profert thereof had been made in the record. The matter, therefore, sufficiently appears in the record to enable this court to determine whether or not the trial court's adverse ruling therein was prejudicial to the substantial rights of the defendant. Hutchings v. Winsor, 92 Okla. 37, 217 Pac. 1044.

To foreclose further consideration of this contention of defendant, therefore, we would be required to say that the language, "buyer specifying the bank, becomes responsible for final payment to the seller," means "buyer, having specified the bank, shall be responsible for final payment to the seller," and thus dispose of the matter as being a question of law, as was held by the trial court, for while not so phrased, yet that is what the trial court held the provision to mean. The court first reasoned that both parties specified the bank, and then qualified this with the statement that "under the terms of the contract it says the buyer specifies the bank." In our view, the difficulty to give the provision that effect arises from the position of the phrase "specifying the bank," as here placed. Under terminology, if the phrase were thus assigned with syntactic set-off from the term "buyer," that is to say, if it were preceded with a comma, it may connote past performance, and as used it may signify such performance with the fact thereof undisclosed and to be ascertained in the event of application, in which contingency it would necessarily follow that resort must be had to extrinsic facts and circumstances and thereby determine the question in the affirmative in order to give the language that exact and definite application declared by the trial court. And again, as constructed, the provision may mean that had the buyer made the designation, the same would be vitalized, to determine which would likewise require proof other than that contained within the four corners of the contract. The question, therefore, was not one of law for the court alone, but was a mixed question of law and fact requiring extrinsic proof and for determination by the jury under proper instructions of the court. The rule is well established. Rider v. Morgan, 31 Okla. 98, 119 Pac. 958; Coquillard v. Hovey, 23 Neb. 622, 37 N. W. 479, 8 A. S. R. 134; Ganson v. Madigan, 15 Wis. 158, 8 Am. Dec. 659; Hopson v. Brunwankel, 2 Tex. 607, 76 Am. Dec. 124; Fagin v. Connoly, 25 Mo. 94, 69 Am. Dec. 450; 6 R. C. L. 862 paragraph 249. This principle is here controlling, for execution of the contract could hardly be said to establish the fact of specification of the bank by the defendant, and in the absence of affirmative evidence thereof in the record, it is difficult to say that a verdict and judgment against the defendant so bottomed should be permitted to stand.

We reach the conclusion, therefore, that the meaning of the provision of the contract in this case reading, "buyer specifying the bank, becomes responsible for final payment to the seller," is obscure, requiring extrinsic proof to determine if the buyer had in fact designated the bank so as to charge it with the responsibility of final payment, and that the question was one of fact for determination by the jury under proper instructions of the court; and that refusal to permit the defendant to show the circumstances as to designation of the bank, and determination of the question against the defendant by the trial court from the fact of execution of the contract constitutes reversible errors. This conclusion renders it unnecessary to further consider the questions arising upon certain of the instructions given and the refusal of certain requested instructions.

For the foregoing reasons, therefore, the judgment of the district court is reversed, and the cause remanded, with directions to grant defendant a new trial and for such further proceedings not inconsistent with the views herein expressed.

REID, FOSTER, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 13 C. J. p. 785, §997; 22 C. J. p. 1199, §1600.